IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 94-10458
Summary Calendar
_____

JAMES G. GIBSON,

Plaintiff-Appellee,

versus

OFFICER P.A. RICH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____

(January 26, 1995)

Before JOHNSON, BARKSDALE, and PARKER, Circuit Judges.

JOHNSON, Circuit Judge:

Defendant appeals the federal district court's order denying its summary judgment based on qualified immunity. For the reasons stated below, this Court will reverse the denial of qualified immunity and remand the case to the federal district court for further proceedings.

I.  Facts and Procedural History

On Friday, July 5, 1991, James Gregory Gibson ("Gibson") and his wife, Sandra, went to a Dallas billiards bar. While at the

bar, Gibson and Sandra shared a pitcher of beer and played pool.[1] Before leaving the bar, the couple began arguing. The argument continued in the car when the couple left to return home. Sandra became so irritated by the argument that she stopped the car, exited, and began to walk home on a major interstate. Gibson drove the car home without Sandra.

While walking home Sandra became distressed and called the Garland police department to request help.[2] The police dispatched Officer P.A. Rich ("Officer Rich") to the scene to assist Sandra. When Officer Rich arrived at Sandra's location and heard her story, he decided to escort her home.

When Officer Rich and Sandra arrived at the apartments where the Gibsons lived, Officer Rich saw Gibson sitting in the driver's seat of his parked car with the door open and one leg extended out of the car. Gibson had in his possession an anti-theft device known as "the Club," which a car owner uses to lock a car's steering column in place. Upon identifying Gibson as Sandra's husband, Officer Rich instructed Sandra to remain in the patrol car while he spoke with Gibson.

Officer Rich then approached Gibson and identified himself.

---

[1]Neither Gibson nor Sandra could recall exactly how many glasses of beer each individually consumed from the pitcher. In addition to the pitcher at the billiards bar, Gibson stated that he could not recall whether he had any alcoholic beverages earlier in the evening at dinner.

[2]The facts are in dispute as to precisely why Sandra called the police for help.

2

Officer Rich smelled alcohol on the breath of Gibson.[3]  Officer Rich also stated that Gibson had blood shot eyes and was slurring his speech.[4]  Additionally, after Officer Rich asked Gibson a few questions, Gibson called Officer Rich "a fucking asshole."  Based on all these circumstances and his experience as a police officer, Officer Rich formed the opinion that Gibson was intoxicated.[5] Officer Rich also formed the opinion that Gibson was or could be a danger to himself or others.  Therefore, Officer Rich arrested Gibson for public intoxication.

As Officer Rich was trying to get Gibson into the police car, Sandra began objecting and otherwise interfering with the arrest. At this time, Officer Rich also arrested Sandra for public intoxication and then proceeded to the police station for "booking."  After Officer Rich and the Gibsons arrived at the police station, the Gibsons began arguing again.  The argument culminated in Gibson kicking Sandra in the face.

---

[3]In addition to the other alcohol, after Gibson arrived home he immediately opened another beer, took a drink, and then returned to his car in the parking lot for the apparent purpose of securing his car with "the Club."

[4]While Gibson does not dispute that he had the pitcher of beer nor that he smelled of alcohol, he does dispute that he had blood shot eyes and slurred speech.  Even assuming in Gibson's favor, which we must do since he is the non-movant in this summary judgment proceeding, the totality of the circumstances still provided Officer Rich with an objectively reasonable basis to arrest Gibson for public intoxication.

[5]Assisting Officer Rich that night was the security guard of the apartment complex, who happened to be an off-duty police officer himself.  The other officer swore in his summary judgment affidavit that Gibson appeared to be intoxicated on the evening in question.

Gibson was formally charged with assault for kicking his wife. The charge was later changed to retaliation; however, the grand jury no-billed Gibson on the retaliation charge. No charge of public intoxication was pursued by the district attorney. Gibson sued Officer Rich for false imprisonment, malicious prosecution, and violation of his civil rights under section 1983. Officer Rich filed a motion for summary judgment asserting qualified immunity. The district court denied the motion and Officer Rich now appeals that denial.[6]

## II. Discussion

This Court reviews the denial of a summary judgment de novo, using the same criteria used by the district court. *Fraire v. City of Arlington*, 957 F.2d 1268, 1273 (5th Cir.), *cert. denied*, 113 S. Ct. 462 (1992). The Court reviews the "evidence and inferences to be drawn therefrom in the light most favorable to the non-moving party." *Id.* Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). When a proper motion for summary judgment is made, the non-moving party must set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e); *see Anderson v. Liberty Lobby,*

_____

[6]Officer Rich also raises issues in his brief other than that of qualified immunity. However, these other issues cannot be considered by the Court at this time since an interlocutory appeal under 28 U.S.C. § 1291 is limited to the issue of qualified immunity. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).

4

*Inc.*, 477 U.S. 242, 250 (1986). The mere allegation of a factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Fraire*, 957 F.2d at 1273. A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *See Anderson*, 477 U.S. at 248. Material facts are facts that might affect the outcome of the suit under the governing law. *Id.*

Qualified immunity shields government officials performing discretionary functions from liability unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994). The protection afforded by the defense is an "immunity from suit, not simply immunity from liability." *Id.* (quoting *Geter v. Fortenberry*, 849 F.2d 1550, 1552 (5th Cir. 1988)). Consequently, the immunity issue must be resolved at the earliest possible stage of the litigation since it entails an entitlement to immunity from suit and not merely a defense to liability. *See Hunter v. Bryant*, 112 S. Ct. 534, 536 (1991).

In suits alleging illegal arrest, the qualified immunity determination turns on whether a reasonable officer could have believed the arrest to be lawful, in light of clearly established law and the information the officer possessed. *Babb*, 33 F.3d at 477. Even law enforcement officials who reasonably, but mistakenly, conclude that probable cause is present are entitled to

immunity.  *Anderson v. Creighton*, 483 U.S. 635, 641 (1987); *Babb*, 33 F.3d at 477.  The qualified immunity defense "'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'"  *Hunter v. Bryant*, 112 S. Ct. 534, 537 (1991) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).  Thus, if officers of reasonable competence *could* disagree on whether or not there was probable cause to arrest a defendant, immunity should be recognized.  *Babb*, 33 F.3d at 477.

Given the smell of alcohol, Officer Rich's knowledge that Gibson had shared a pitcher of beer with Sandra, Gibson's belligerence, and the cumulative circumstances of the night in question, Officer Rich acted as a reasonable officer *could* have acted in arresting Gibson for public intoxication.  This Court is not willing to second guess the officer on the beat who must act on the spur of the moment if that officer's action can be classified as "arguably reasonable."  Certainly the smell of alcohol on Gibson's breath, the officer's knowledge of Gibson's drinking a pitcher of beer with his wife, and Gibson's belligerent attitude made it "arguably reasonable" for Officer Rich to believe that Gibson was intoxicated that night.  The fact that Gibson was in the driver's seat of his car renders Officer Rich's decision that he presented a potential danger to the public reasonable since intoxicated drivers are a grave threat to the public.  Additionally, the ongoing arguments throughout the night between Gibson and his wife could have led Officer Rich to believe that there was a possibility of Gibson becoming a danger to his wife.

6

Such circumstances present the precise type of scenario in which a police officer needs discretion to act.[7]  Because Officer Rich was exercising reasonable discretion based on his perception of the circumstances on the scene, we find that he was entitled to qualified immunity on the false arrest, malicious prosecution, and section 1983 claims to the extent they were grounded on a wrongful arrest.[8]  Given the discretionary nature of Officer Rich's decision, the qualified immunity should extend to the state claims stemming from the arrest as well.

### III.  Conclusion

Officer Rich acted within the bounds of reason in arresting

---

[7]The district court erred in believing that there were disputed facts which prevented the qualified immunity summary judgment from being granted.  The district court held that Gibson's allegation that he was not drunk put the issue of intoxication in dispute.  However, the district court errs in dwelling on the issue of whether or not Gibson actually *was* drunk instead of on the issue of whether Rich was reasonable in *believing* Gibson was intoxicated.  Despite Gibson's allegation otherwise, all *facts* in evidence indicate that Rich was justified in believing that Gibson was intoxicated.  The other facts with which the district court expressed concern were not material or necessary to the case and therefore did not preclude summary judgment.  For example, the precise reason that Sandra exited the car on the way home from the billiards bar is not material to whether Gibson was intoxicated or dangerous to the public.  Such immaterial disputes should not result in a summary judgment denial.

[8]Gibson claims that in addition to the public intoxication charge, assault and retaliation were also wrongfully charged against him by Rich.  However, the assault charge developed after the public intoxication arrest and given Gibson's admission that he kicked his wife, it would certainly appear that this charge was reasonably made.  This retaliation charge could really only even support the malicious prosecution claim since the false arrest and § 1983 claims require that the arrest itself be wrongful. Officer Rich's involvement with the retaliation charge is unapparent from the record; however, the degree of involvement should be resolved in further district court proceedings.

Gibson for public intoxication given the cumulative circumstances surrounding the arrest.  Therefore, the judgment of the federal district court denying Officer Rich's motion for summary judgment is reversed, and the case is remanded to that court.

REVERSED AND REMANDED.