IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

No. 98-20356
Summary Calendar

———————————

MARIA JESUS DELACUEVA,

Plaintiff-Appellee,

versus

TEXAS ALCOHOLIC BEVERAGE COMMISSION; ET AL.,

Defendants,

MIKE BARNETT; ROBERT SANFORD; KEITH COLEMAN,

Defendants-Appellants.

———————————

Appeal from the United States District Court
for the Southern District of Texas
(H-93-CV-4105)

———————————

May 25, 1999

Before POLITZ, GARWOOD and SMITH, Circuit Judges.

PER CURIAM:[*]

Mike Barnett, Robert Samford,[**] and Keith Coleman (the "agents") appeal the district court's denial of their motion for summary judgment based on their assertion that they are qualifiedly

———————————

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**]The correct spelling is "Samford."

immune from Maria Jesus Delacueva's false arrest claim under 42 U.S.C. § 1983 (summary judgment was granted for defendants on all other claims, including the excessive force and racial discrimination claims). The district court's order is appealable because it turns on a question of law, not on the existence of genuine issues of disputed facts. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Nerren v. Livingston Police Dep't*, 86 F.3d 469, 471-72 (5th Cir. 1996).

A review of the undisputed facts indicates that the agents' determination that probable cause existed for Delacueva's arrest was objectively reasonable or, at the least, that officers of reasonable competence could disagree on whether there was probable cause.[1] Whether certain facts establish probable cause or are such that officers of reasonable competence could disagree on whether they do presents a question of law. *Blackwell v. Barton*, 34 F.3d 298, 305 (5th Cir. 1994). The only issue of fact which the district court found to be in genuine dispute was "whether the

---

[1]We note that, under Texas Alcoholic Beverage Code (TAB Code) § 101.04 and the terms of the Texas Alcoholic Beverage Commission (TABC) permit at the establishment, the agents, as TABC officers, were authorized to, and were, seeking to inspect the establishment's beverage receipts, and Delacuerva, an employee of the establishment, interfered with that function by locking herself in the courtesy booth where the receipts, which she was then counting, were. Under TAB Code §§ 61.71(14) and 61.77, refusal to permit or interference with inspection of a licensed premises by TABC personnel is a violation of the TAB Code and constitutes a misdemeanor punishable by fine and/or confinement. TAB Code § 1.05. See also TAB Code § 1.01.61 (failure or refusal to comply with requirements of TAB Code or a TABC rule is a violation of Code). TABC law enforcement agents, such as the agents here, are peace officers, Tex. Code. Crim. Proc. art. 2.12(6), and under TAB Code § 101.02 may arrest without a warrant for any observed violation of the TAB Code or any rule or regulation of the TABC.

agents arrested the plaintiff under a malicious 'intent'" (and that is the only specific basis on which Delacueva defends the judgment).  However, because the test is one of objective reasonableness, the agents' motivations and subjective beliefs as to the lawfulness of their conduct are irrelevant if a reasonable officer could have found probable cause existed for the arrest. *Pierce v. Smith*, 117 F.2d 866, 871 n.5 (5th Cir. 1997); *see also Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990) ("even an officer who subjectively intends to act unreasonably is entitled to immunity if his actions are objectively reasonable"). Consequently, the agents are entitled to qualified immunity, and the district court erred in refusing to grant their summary judgment motion in connection with the false arrest claim.  *See Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995).

REVERSED AND REMANDED