IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40735
Summary Calendar
_____

BRENDA JURGENS,

                                        Plaintiff-Appellant,

versus

WOOD COUNTY, TEXAS; ET AL,

                                        Defendants,

WESLEY CRIDDLE, Deputy,
Wood County, Texas

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:99-CV-677
--------------------
February 2, 1002

Before REAVLEY, JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

        Brenda Jurgens appeals the district court's summary judgment

dismissal of her 42 U.S.C. § 1983 complaint and her state law

malicious prosecution claim.  Jurgens contends that Deputy

Criddle violated her constitutional rights and Texas law by

unlawfully arresting and detaining her overnight in jail.

Jurgens contends that the district court erred in determining

that Deputy Criddle was entitled to qualified immunity on the 42

_____

        [*]  Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

U.S.C. § 1983 claims and that Deputy Criddle was entitled to official immunity on the malicious prosecution claim. We affirm.

The undisputed facts established that Deputy Tucker notified Deputy Criddle that Jurgens appeared to be driving while intoxicated. Jurgens admitted to Deputy Criddle that she had consumed alcohol and prescription medication in the 24-hour period prior to her arrest. When she exited her vehicle to perform field sobriety tests, Jurgens used the door of the vehicle for balance. She admitted that she has some problem with balance as a result of a prior brain surgery. Jurgens also admitted that she did not perform the sobriety tests perfectly.

"Objective reasonableness is a matter of law for the courts to decide[.]" *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000)(internal quotations and citation omitted). The pertinent inquiry is not whether Jurgens was intoxicated but "whether a reasonable person would have believed that [the officer's] conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." *See id.* (citation omitted); *Gibson v. Rich*, 44 F.3d 274, 278 n.7 (5th Cir. 1995).

A reasonable officer could have believed, under the circumstances, that an arrest for driving while intoxicated was lawful. *See Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994). The district court did not err in determining that Deputy Criddle's conduct was objectively reasonable and that he was entitled to qualified immunity on the unlawful arrest claim.

In light of the undisputed facts known to Deputy Criddle at the time of the detention, Deputy Criddle's conduct in detaining Jurgens' overnight was not unreasonable. The district court did not err in granting summary judgment on Jurgens' 42 U.S.C. § 1983 unlawful detention claim.

Jurgens contends that Deputy Criddle, acting with malice, arrested an innocent person without probable cause. She asserts that Deputy Criddle is not entitled to official immunity for the same reason that Deputy Criddle is not entitled to qualified immunity.

"Texas law provides for immunity from suit for government officials for matters arising from the performance of their discretionary duties, as long as they are acting in good faith and within the scope of their authority." *Wren v. Towe*, 130 F.3d 1154, 1160 (5th Cir. 1997)(citation omitted). "Texas law of official immunity is substantially the same as federal qualified immunity law." *Id.* (citation omitted).

Jurgens' allegation of malice is refuted by her own testimony. The district court properly determined that Deputy Criddle was entitled to official immunity. *See Gibson v. Rich*, 44 F.3d 274, 278 (5th Cir. 1995) (concluding that qualified immunity on police officer's arrest of suspected intoxicated driver should extend to Texas law claims stemming from the arrest). The punitive damages issue is moot.

AFFIRMED.