CITY OF SAN ANTONIO, Bexar County, Texas, San Antonio Police Department, Officers Dwight Smith, Michael Moore, Alexander De La Garza, and Joseph McKay, Individually, and in their capacity as employees of the City of San Antonio, Appellants,

v.

Linda HERNANDEZ, Individually and as Guardian and Next Friend of Christina Hernandez and Victoria Hernandez, Minor Children, and as the Representative of the Estate of Bonifilio Hernandez, Decedent, Appellees.

No. 04–00–00449–CV.

Court of Appeals of Texas, San Antonio.

April 25, 2001.

William P. Durland, Amy M. Eubanks, Asst. City Atty., San Antonio, for appellants.

Oscar L. Cantu, Jr., Nick Naram & Associates, P.C., San Antonio, for appellees.

ALMA L. LÓPEZ, Justice, CATHERINE STONE, Justice and KAREN ANGELINI, Justice.

ALMA L. LÓPEZ, Justice.

This is an accelerated appeal of an order denying appellants' summary judgment motion on behalf of all defendants based on grounds of official and sovereign immunity.[1] *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5) (Vernon Supp.2001); *Bexar County v. Giroux Daniel,* 956 S.W.2d 692, 694–95 (Tex.App.—San Antonio 1997, no pet.). We sustain appellants' issues concerning immunity, reverse the trial court's order, and render summary judgment in favor of the appellants.

FACTUAL AND PROCEDURAL BACKGROUND

On March 21, 1995, police officers responded to an anonymous 911 call reporting a suspicious person in the vicinity of a Stop–N–Go on Medical Drive in the City of San Antonio. The first SAPD officers on the scene, Dwight Smith and Patrick Navarijo, observed a man, later identified as Bonifilio Hernandez, walking a dog. He appeared to have a pistol tucked into the rear waistband of his shorts. When the officers confronted Hernandez to question him, he backed away and drew the pistol from his waistband. The officers immediately drew their weapons and commanded Hernandez to drop his. Hernandez ignored these commands, waived the weapon in the air, and ultimately pointed it in the direction of the officers and fired. Witnesses reported a "pop" and a "flash" from the muzzle. The two officers took cover and did not return fire but instead radioed for backup.

Hernandez continued walking away. Officers Smith and Navarijo followed, yelling at him to drop his weapon. Backup officers Michael Moore and Alexander De La Garza arrived from another direction. Hernandez pointed his weapon at Moore whereupon three of the four officers, Moore, De La Garza, and Smith, responded by firing their weapons. Hernandez fell to the ground wounded and was transported to nearby University Hospital. He was later transported to a local military hospital where he died.

The post-shooting investigation revealed that the weapon Hernandez had exhibited and fired was actually a replica of a real gun. The evidence report described it as a

---

1.  The motion asserts two grounds for summary judgment. The first ground is in the form of a no evidence motion pursuant to Texas Rule of Civil Procedure 166a(i). The second ground is brought under Rule 166a(c).

Appellants raise issues only with the second ground and, therefore, this opinion will not discuss any issues raised in the context of Rule 166a(i).

"Black Plastic Toy Gun 9mm Replica" (stamped on side "9mm Army Issue").

Several hours later, Officer McKay, assigned to conduct the post-shooting investigation, arranged to have Linda Hernandez driven to the police station for a ten-minute interview. She brought her minor child, Victoria, with her. Following the interview, they were driven to the hospital to be with Hernandez.

Linda Hernandez and her daughters sued the City, SAPD, and four of the officers involved on behalf of the decedent's estate and as wrongful death beneficiaries, alleging constitutional violations, negligence, and intentional torts. Linda and Victoria also brought independent claims of constitutional violations and intentional torts arising from their trip to the police station. The defendants denied the allegations. The individual defendants affirmatively raised the defense of official immunity, and the City pled sovereign immunity. The defendants jointly filed a motion for summary judgment supported by the police record reports and two expert witness affidavits. The Hernandezes' response was supported by their own expert's affidavit. Both sides filed objections to the opposing affidavits. The trial court overruled plaintiffs' objections and sustained defendants' objections. The court denied the motion for summary judgment. Defendants filed this appeal.

## SUMMARY JUDGMENT STANDARD OF REVIEW

■ In a motion for summary judgment, the movant has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). When a defendant moves for summary judgment on an affirmative defense, like sovereign immunity, the defendant must conclusively prove each element of the defense as a matter of law. *See Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984); *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994). Evidence favorable to the nonmovant is taken as true, and every reasonable inference in favor of the nonmovant will be resolved in its favor. *Id.* at 548–49. When reviewing a denial of a summary judgment motion in an appeal under Section 51.014(5), we use the same standard of review as is applicable to an order granting summary judgment. *See Bartlett v. Cinemark USA, Inc.*, 908 S.W.2d 229, 233 (Tex.App.—Dallas 1995, no writ).

Our jurisdiction in this interlocutory appeal, however, is limited to review of the court's ruling on the immunity issue. *See Richardson v. Parker*, 903 S.W.2d 801, 803 (Tex.App.—Dallas 1995, not writ). We may not at this juncture consider other defensive issues discussed in appellants' briefs. Thus, we will not consider appellants' first issue, namely, whether appellees adequately plead a cause of action against appellants. Appellees have briefed a fourth issue complaining of error in the trial court's denial of their objections to summary judgment evidence. This issue is in reality a cross-point which the appellees failed to preserve for review. Appellees did not file a notice of appeal. *See* TEX.R.APP. P. 25.1(c).

## QUALIFIED AND OFFICIAL IMMUNITY

■ The individual officers assert that the court erred in denying their motion for summary judgment based upon qualified and/or official immunity. The Third Amended Petition alleges claims under both federal and state law. The federal claims are based upon alleged violations of the Fourth and Fourteenth Amendments to the United States Constitution, *see* 42 U.S.C. § 1983, and concern excessive use of force and false imprisonment.

Federal law provides a defense of qualified immunity to an officer performing discretionary duties who acted reasonably under settled law under the circumstances. *See Lampkin v. City of Nacogdoches,* 7 F.3d 430, 434–35 (5th Cir.1993). The state claims allege wrongful death and negligence and must proceed under the Texas Tort Claims Act against government officials and entities. State law provides a defense of official immunity from suit for claims arising from the good faith performance of the officers' discretionary duties which are within the scope of their authority. *See City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994); Tex. Civ. Prac. & Rem.Code §§ 101.026, 101.021(1)(B) & (2) (Vernon Supp.2001).

In a supreme court opinion, widely recognized on this subject, the author noted that

the terms "qualified" and "official" appear to be used indiscriminately and interchangeably by some courts. The logical explanation appears to be that, in state court, claims under both the Texas Tort Claims Act and 42 U.S.C. § 1983 are frequently joined. Furthermore, the elements of official immunity and qualified immunity appear for all practical purposes to be the same.

*Travis v. City of Mesquite,* 830 S.W.2d 94, 100 n. 2 (Tex.1992) (Cornyn, J., concurring).

The appellants' expert witness, Albert Rodriguez, is the Commander of the Training Academy for the Texas Department of Public Safety, with more than 22 years of experience in law enforcement. His affidavit establishes each of the elements of the officers' immunity defenses.

Appellees' expert, Greg Ferris, has owned and operated a gun shop and firing range for more than twenty years. Prior to that he was a commissioned peace officer, and has previously testified as an expert on firearms in cases involving excessive use of force and police procedures. The thrust of his opinion is that the initial officers were reasonable in feeling threatened by Hernandez's actions. Ferris then describes a series of events whereby Hernandez dropped the gun on the ground, it broke, the magazine ejected, he bent down, picked up and reloaded the gun, and pointed and fired the gun in the direction of one of the officers. Ferris concludes that the officers should have realized that the weapon was a toy gun at this time and they were negligent in escalating the confrontation by calling for backup under a heightened emergency "e" code. None of this scenario is supported by citation to supporting documents in the record. Ferris then concludes that the officer who fired the fatal shot, Officer Moore, acted reasonably in responding to the emergency call without the benefit of knowing the weapon pointed at him was a plastic gun.

■■■ Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986); *Hunter v. Bryant,* 502 U.S. 224, 229, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991). The reasonableness is to be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight, and without regard to the underlying intent or motivation of the officer. *Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The standard of reasonableness must allow for the fact that police officers are often forced to make split-second judgments, under circumstances that are tense, uncertain, and rapidly evolving. *Id.* at 397, 109 S.Ct. 1865. Moreover, where officers of reasonable competence could disagree on an officer's action, immunity should be recognized. *See Gibson v. Rich,* 44 F.3d 274, 277 (5th

Cir.1995). Officers Smith, Moore and De La Garza acted upon the mistaken perception that the weapon wielded by Hernandez was a real gun. The fact that they failed to recognize that the gun was harmless and that the situation escalated to life-threatening proportions is most unfortunate, but under the stressful circumstances presented here, does not demonstrate unreasonableness or a knowing violation of Hernandez's constitutional rights.

Appellees argue that they invoked their state claims against these officers by alleging a misuse of personal property, namely, the police radio in negligently escalating the confrontation by calling for backup. For the same reasons discussed below, that argument fails. Moreover, there is no evidence on file that controverts the prima facie showing that Officers Smith, Moore, and De La Garza performed discretionary acts in good faith and within the scope of their authority.

■ Appellants also claim that Officer McKay is entitled to immunity regarding Hernandez's claims of false arrest and imprisonment and intentional infliction of emotional distress resulting from his efforts to question her following the shooting. Both Linda and her sister had related by telephone to McKay that Hernandez suffered from a serious mental disorder and did not appear to be responding properly to his medication. Both sides agree that Linda Hernandez did not wish to cooperate with the police investigation. They disagree on whether McKay's determination to question her at the police station in the middle of the night was reasonable. However, as Hernandez failed to file or attach any evidence to support her expert's opinion on this issue, she has failed to controvert appellants' prima facie showing that Officer McKay's actions in con-

ducting his investigation were reasonable. In addition, the Texas Tort Claims Act's Section 101.057 expressly provides that claims for "false imprisonment or any other intentional tort" are not covered by this Act. Therefore, immunity is not waived for these claims under state law. *See City of San Antonio v. Dunn,* 796 S.W.2d 258, 261 (Tex.App.—San Antonio 1990, writ denied). Appellants' second issue is sustained.

## SOVEREIGN IMMUNITY

■ In Texas, a governmental unit is immune from tort liability unless the Legislature has waived immunity. *See Harris County v. Dillard,* 883 S.W.2d 166, 168 (Tex.1994). The waiver is limited to the statutory language which in this case is provided in the Tort Claims Act as follows:

A governmental unit in the state is liable for:

\* \* \*

■ (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 1997). Property does not cause injury if it does no more than furnish the condition that makes the injury possible. *Union Pump Co. v. Allbritton,* 898 S.W.2d 773, 776 (Tex.1995). Hernandez argues through her expert that the officers misused the police radio to call for backup with a heightened emergency "e" code. The claim of misuse of the equipment focuses on Officer Navarijo's [2] failure to recognize that Hernandez's weapon was harmless, thus failing to communicate this by radio to other officers,

---

**2.** Officer Navarijo is not a named defendant.

and thereby escalating the situation by inappropriately classifying the situation an emergency. Even with due weight given to this opinion, it does not sufficiently connect the conduct and judgment in question to the death of the deceased in a manner that meets the stringent causal connection required by the Tort Claims Act to effect a waiver of immunity. What is described here does no more than furnish the condition which made the injury possible. *See Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex.1998). Appellees' brief fails to cite or distinguish this case from the standard as explained in *Bossley*. Hernandez has failed to invoke the statutory waiver of sovereign immunity.

Hernandez argues that the City waives its claim to sovereign immunity when its expert opines that the officers acted in conformity with proper police policies and procedures. The sole case Hernandez cites in support of the City's waiver of sovereign immunity is *Kersh v. Derozier*, 851 F.2d 1509 (5th Cir.1988). Kersh filed a § 1983 action to recover damages for the loss of an eye, an injury that had been exacerbated following his arrest due to lack of treatment. The municipality had filed a pre-trial stipulation that its officers followed their policies and procedures. Following a jury verdict on the officers' liability, the court found liability for the municipality based on its pre-trial stipulation. The municipality then attempted to withdraw its stipulation. The Fifth Circuit held that this change in litigation strategy came too late. *See Kersh*, 851 F.2d at 1513. The opinion does not discuss the concept of waiver of immunity, and no Texas cases cite *Kersh* on this subject. Appellants' third issue is sustained.

### CONCLUSION

Both parties acknowledge that the officers involved must be judged under the circumstances of what they reasonably knew or perceived at the time of the confrontation. Hindsight and Monday morning quarter-backing may be useful in terms of future training, but are not the appropriate standards by which to judge the actions of the officers, the SAPD and the City under the circumstances presented. Discretionary judgment calls made under conditions calling for split-second response time are given the benefit of the doubt under our system of laws. We can hardly ask more of officers who put their lives on the line in the interest of public safety on a daily basis.

Appellants' second and third issues are sustained. The order denying summary judgment is reversed and judgment is rendered in favor of appellants.