Angela SMITH

v.

AARON'S INC.

No. Civ.A. 03–621.

United States District Court,
E.D. Louisiana.

July 7, 2004.

Reva E. Lupin, Reva E. Lupin, PC, Metairie, LA, for Plaintiff.

Steven M. Stastny, Susan W. Bullock, Ford & Harrison LLP, Birmingham, AL, for Defendant.

## ORDER AND REASONS

WILKINSON, United States Magistrate Judge.

Angela Smith, an African–American woman, filed this action against her former employer, Aaron's Rents, Inc. ("ARI"), alleging that defendant failed to promote and constructively discharged her on the basis of her race in violation of Title VII, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. Complaint, Record Doc. No. 1.

This matter was referred to the undersigned magistrate judge for all proceedings and entry of judgment in accordance with 28 U.S.C. § 636(c) upon the written consent of all parties. Record Doc. No. 8.

ARI filed a motion for summary judgment, supported by an affidavit, plaintiff's sworn complaint to the Equal Employment Opportunity Commission ("EEOC"), several unsworn and unverified exhibits, and excerpts from plaintiff's deposition testimony. Record Doc. No. 24. Because defendant's Exhibits 4 through 9 are not verified and because they are not essential to a decision in this case, the court has not considered the exhibits, except to the extent that they mention dates that are otherwise undisputed.

ARI contends that plaintiff's claim for ARI's failure to promote her to the position of sales manager on August 5, 2001 must be dismissed because it is untimely under Section 1981 and because it is outside the scope of Smith's EEOC charge under Title VII. Defendant also argues that plaintiff cannot rebut ARI's showing of its legitimate, nondiscriminatory reasons for not promoting Smith on this and two other occasions with any evidence of pretext. Finally, ARI asserts that, because it did not subject Smith to any adverse employment action and did not constructively discharge her, plaintiff's constructive termination claims under Section 1981 and Title VII must be dismissed. Record Doc. No. 24.

Smith did not file an opposition memorandum to defendant's motion for summary judgment, as required by Local Rule 7.5E. However, plaintiff filed her own motion for summary judgment on liability only, supported by two declarations under penalty of perjury and two affidavits, which I have taken into consideration as her opposition to ARI's motion. Record Doc. No. 23. Smith argues that her summary judgment evidence establishes that defendant violated Title VII and Section 1981 when it repeatedly failed to promote her and constructively discharged her. ARI filed a timely opposition memorandum. Record Doc. No. 28.

Having considered the complaint, the record, the submissions of the parties and the applicable law, and for the following reasons, IT IS ORDERED that plaintiff's motion for summary judgment is DENIED. IT IS FURTHER ORDERED that defendant's motion for summary judgment is GRANTED.

## ANALYSIS

### A. Standard of Review for Summary Judgment Motions

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but it is not required to negate elements of the nonmoving party's case. *Edwards v. Your Credit, Inc.*, 148 F.3d 427, 431 (5th Cir.1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

> When a moving party alleges that there is an absence of evidence necessary to prove a specific element of a case, the nonmoving party bears the burden of presenting evidence that provides a genuine issue for trial. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is

not significantly probative, summary judgment may be granted."

*Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 644 (5th Cir.1999) (citing *Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548; quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

A fact is "material" if its resolution in favor of one party might affect the outcome of the action under governing law. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *Hamilton v. Segue Software Inc.,* 232 F.3d 473, 477 (5th Cir.2000). Facts that are not material or necessary to the case will not preclude summary judgment. *Gibson v. Rich,* 44 F.3d 274, 277 n. 7 (5th Cir.1995). An issue is "genuine" if the evidence is sufficient for a rational trier of fact to return a verdict for the nonmoving party. *Id.*

If the movant bears the burden of proof on an issue, either because it is the plaintiff or is asserting an affirmative defense as a defendant, the movant must establish *all* of the essential elements of the claim or defense to warrant judgment in its favor. *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir.1986). To withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must come forward with evidence to support the essential elements of its claim. *National Ass'n of Gov't Employees v. City Pub. Serv. Bd.,* 40 F.3d 698, 712 (5th Cir. 1994) (citing *Celotex,* 477 U.S. at 321–23, 106 S.Ct. 2548). "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial." *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548.

The court must consider all evidence in the light most favorable to the nonmoving party. *National Ass'n of Gov't Employees,* 40 F.3d at 712–13. "Conclusory allegations unsupported by specific facts, however, will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations ... to get to a jury without any "significant probative evidence tending to support the complaint." ' " *Id.* at 713 (quoting *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505).

"Factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." *Edwards,* 148 F.3d at 432; *accord Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc). *"We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Id.* (emphasis in original). "Moreover, the nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Id.* (quotation omitted) (emphasis in original).

## B. *The Undisputed Material Facts*

The following facts are accepted as undisputed solely for purposes of the pending motions for summary judgment. These facts are established by plaintiff's complaint, Record Doc. No. 1, to the extent they are not contradicted by competent summary judgment evidence; ARI's personnel action forms concerning plaintiff, Defendant's Exhs. 4, 7;[1] the affidavit of Michael Pokorny, ARI's district manager at the time of the events at issue, Defendant's Exh. 2; plaintiff's deposition testimony, Defendant's Exh. 1; and the EEOC

---

1. As previously noted, these exhibits have been considered only to the extent that they reflect undisputed dates.

declarations and sworn affidavits of Smith and three other former ARI employees, to the extent they state uncontradicted facts rather than conclusory allegations. Plaintiff's Exhs. 1 through 4.

Smith was employed as a customer service representative by ARI, a business engaged in manufacturing, selling and renting furniture, appliances and electronics, from July 17, 1998 through May 11, 2002.

Plaintiff told Pokorny, ARI's district manager, several times that she wanted a promotion.[2] On August 5, 2001, ARI promoted Angela La France, a white woman, to a sales manager position that Smith desired. Pokorny then hired Brad Rogers and Seth Mercantel, both white individuals, as sales manager and manager-in-training, on February 18, 2002 and May 2, 2002, respectively, at two different stores.

Pokorny made promotion decisions for vacant managerial positions based on the recommendation of the general manager of the store where the vacancy occurred. Pokorny did not promote current employees into vacant positions without the recommendation of the relevant general manager. If the store's general manager did not recommend an ARI employee for promotion, Pokorny sought and hired outside applicants.

ARI promoted La France from account advisor to sales manager on August 5, 2001, after La France was recommended by her general manager.

Pokorny hired Rogers as a sales manager on February 18, 2002. When this position opened, Diana Thomas, general manager at that store and an African–American, recommended ARI employee Connie Brown, also African–American, for the promotion. However, Brown did not want the job because of the additional time commitment the promotion would re-

quire. Because Thomas offered no other recommendations, Pokorny interviewed outside applicants for the position and selected Rogers, who had management experience, for the job.

Similarly, before ARI hired Mercantel as a manager-in-training on May 2, 2002, the relevant general manager, Greg Peters, had made no recommendations for the vacancy from current ARI employees. Peters was plaintiff's supervisor at that time. Therefore, Pokorny interviewed outside applicants and hired Mercantel because he had approximately ten years of management experience in the industry.

On May 11, 2002, Smith resigned from her job at ARI. On August 22, 2002, she filed a charge of race discrimination with the EEOC, alleging that ARI had unlawfully discriminated against her when Pokorny hired Rogers and Mercantel rather than promoting her to one of those available positions. She further asserted that ARI constructively discharged her because of the discriminatory conditions and because Pokorny had told her that she would not be working there by the time of her next evaluation.

Smith testified that Pokorny would "nag" her if she did not perform her job duties in a certain manner. Specifically, Pokorny pressured her to make sales, achieve a goal and change the filing system she had used in the past. Smith did not recall whether she ever changed the filing system as instructed by Pokorny.

Pokorny told Smith that she would not get a raise because he believed her performance was inadequate, and he pointed to her refusal to alter the filing system as he had requested as an example.

**2.** Although Pokorny denies this, the court resolves this disputed fact in plaintiff's favor solely for purposes of defendant's summary judgment motion.

C. *Plaintiff's Motion for Summary Judgment Is Denied*

Plaintiff has failed completely to carry her burden of coming forward with evidence to support the essential elements of her claims. Although defendant concedes for purposes of this motion only that Smith could establish a prima facie case of discrimination, the evidence she has proffered (as outlined below) is wholly insufficient to rebut ARI's legitimate, nondiscriminatory reasons for its actions and to establish that those reasons were pretextual. Similarly, plaintiff's evidence is insufficient to establish that she was constructively discharged.

Accordingly, her motion for summary judgment is denied.

D. *Plaintiff's Claim Under Title VII for Failure to Promote in August 2001 Is Outside the Scope of her EEOC Complaint and Is Untimely*

■ Administrative review by the EEOC is "a condition precedent to any Title VII suit. The scope of inquiry of a court hearing in a Title VII action is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir.1990)(quotation and citation omitted).

■ Smith's EEOC complaint alleges that ARI denied her promotions to the positions filled by Rogers in March 2002 and Mercantel in May 2002 based on her race. Her EEOC charge further states that March 6, 2002 was the earliest date on which ARI discriminated against her. The complaint in the instant action, however, alleges that ARI discriminatorily promoted La France, rather than Smith, to a management position on August 5, 2001.

These hirings are three separate and discrete employment actions. Because plaintiff's EEOC charge did not encompass her August 5, 2001 failure to promote claim, she has *not* met the prerequisite of exhausting administrative remedies before filing suit under Title VII as to that claim. The EEOC investigation into the March and May 2002 hirings about which plaintiff complained could not reasonably be expected to include the August 2001 promotion of La France. Therefore, Smith's failure to promote claim under Title VII as to the August 2001 promotion must be dismissed because that claim exceeds the scope of her EEOC charge.

■ Furthermore, under Title VII, the court can consider only those incidents that occurred within 300 days *before* Smith filed the EEOC complaint that is the basis of this lawsuit. *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 351 (5th Cir.2001). A Title VII plaintiff must file a charge of discrimination with the EEOC no more than 180 days after the alleged discriminatory employment action occurred. However, in "deferral states" such as Louisiana, this filing period is extended to 300 days if the complainant has instituted a complaint with a state or local agency with authority to grant or seek relief from such practices. *Id.* (citing 42 U.S.C. § 2000e–5(e)(1)); *Griffin v. City of Dallas*, 26 F.3d 610, 612 (5th Cir.1994). Because Smith instituted proceedings before the Louisiana Commission on Human Rights, the 300–day limitations period applies to her claims.

Therefore, even if the scope of plaintiff's EEOC complaint could be interpreted to include the August 5, 2001 failure to promote, the court will consider only those incidents that occurred within 300 days before August 22, 2002 (the filing date of her EEOC complaint), or after October 25, 2001. Because plaintiff's claim is based on an allegedly discriminatory act that occurred on August 5, 2001, that failure to

promote claim under Title VII is time-barred.

Accordingly, defendant is entitled to summary judgment on plaintiff's failure to promote claim under Title VII based on the August 5, 2001 non-promotion.

E. *Plaintiff's Section 1981 Claim for Failure to Promote in August 2001 Is Time–Barred*

Smith asserts that ARI violated Section 1981 when it failed to promote her to the position of Sales Manager on August 5, 2001. Defendant argues that this Section 1981 claim is time-barred.

 The timeliness of a claim brought under 42 U.S.C. § 1981 is governed by 28 U.S.C. § 1658(a), the federal "catch-all" four-year statute of limitations, but only if the claim "arises under" a federal statute enacted after December 1, 1990, the effective date of Section 1658(a). *Jones v. R.R. Donnelley & Sons Co.,* —— U.S. ——, ——, 124 S.Ct. 1836, 1839, —— L.Ed.2d ——, —— (2004). The Supreme Court in *Jones* held that a claim "arises under" a statute enacted after December 1, 1990 "if the plaintiff's claim against the defendant was made possible by a post–1990 enactment," which includes a post–1990 amendment to a preexisting statute. *Id.* at 1844–45. However, the most relevant *state* statute of limitations, rather than the four-year period of Section 1658(a), applies to claims that were viable under Section 1981 before it was amended by the Civil Rights Act of 1991. *Id.* at 1839. Thus, Louisiana's one-year limitations period applies to claims arising under the pre–1991 version of Section 1981 that are brought in this court. La. Civ.Code art. 3492; *Jones v. Orleans Parish Sch. Bd.,* 688 F.2d 342, 344 (5th Cir.1982).

"As first enacted, § 1981 provided in relevant part that 'all persons [within the jurisdiction of the United States] shall have the same right in every State and Territory to make and enforce contracts ... as is enjoyed by white citizens.'" *Jones,* 124 S.Ct. at 1839–40 (quoting 42 U.S.C. § 1981). Addressing an allegation of discriminatory failure to promote under Section 1981, the Supreme Court had previously held that "[o]nly where the promotion rises to the level of an opportunity for a new and distinct relation between the employee and the employer [was] such a claim actionable under § 1981 [before the 1991 amendments]." *Patterson v. McLean Credit Union,* 491 U.S. 164, 185, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), *superseded by statute on other grounds as stated in Harrington v. Harris,* 118 F.3d 359, 367 n. 8 (5th Cir.1997).

 Smith alleges that she was wrongfully denied a promotion from customer service representative, a non-management position, to sales manager on August 5, 2001. Such a promotion would entail a raise in salary, an additional time commitment and increased responsibilities. Complaint, Record Doc. No. 1, ¶¶ 14, 16; Defendant's Exh. 2, Pokorny affidavit, ¶ 8. Plaintiff's claim for failure to promote was therefore actionable under Section 1981 before December 1, 1990 because the promotion would have formed a new and distinct relationship between Smith and ARI. *Patterson,* 491 U.S. at 185, 109 S.Ct. 2363. Thus, Louisiana's one-year limitations period, rather than the four-year period of Section 1658(a), applies to this claim. *Jones,* 124 S.Ct. at 1839.

Smith's complaint states that she "was denied promotion to a management position ... [that] was given to a Caucasian in [sic] August 5, 2001." Record Doc. No. 1, ¶ 12. Plaintiff filed suit on February 28, 2003, long past the expiration of the applicable one-year limitations period on August 5, 2002.

Thus, defendant is entitled to summary judgment as to plaintiff's Section 1981 fail-

ure to promote claim based on the August 5, 2001 non-promotion.

### F. *Plaintiff Has Proffered No Evidence of Pretext to Rebut Defendant's Legitimate, Nondiscriminatory Reasons for Not Promoting Her in 2002*

Plaintiff alleges that defendant's failure to promote her to either of the positions for which Rogers and Mercantel were hired violated both Title VII and Section 1981. An employee may assert claims for race discrimination based on the same facts under both Title VII and Section 1981, and the two claims will be analyzed under the same framework. *Foley v. University of Houston Sys.*, 355 F.3d 333, 340 n. 8 (5th Cir.2003); *Walker v. Thompson*, 214 F.3d 615, 625 (5th Cir. 2000).

Plaintiff has the initial burden of proving a prima facie case of discrimination by a preponderance of the evidence. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). To establish a prima facie case of discriminatory failure to promote or termination, Smith must prove that (1) she was a member of a protected class, (2) she was qualified for the position, (3) she was not promoted or her employment was terminated and (4) the position was filled by, or she was replaced by, an individual of a different race or gender, or that defendant treated individuals of a different race or gender more favorably than it treated her. *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 324 (5th Cir.2002); *Urbano v. Continental Airlines, Inc.*, 138 F.3d 204, 206 (5th Cir.1998); *Ward v. Bechtel Corp.*, 102 F.3d 199, 202 (5th Cir.1997); *Smith v. Wal–Mart Stores (No. 471)*, 891 F.2d 1177, 1179 (5th Cir.1990); *Hankins v. Temple Univ.*, 829 F.2d 437, 440 (3d Cir.1987); *Martinez v. El Paso County*, 710 F.2d 1102, 1104 (5th Cir.1983); *see also Evans v. City of Houston*, 246 F.3d 344, 350 (5th Cir.2001) (fourth prong of prima facie case satisfied if job remained open and employer continued to accept applications); *Barnes v. Yellow Freight Sys., Inc.*, 778 F.2d 1096, 1101 (5th Cir.1985) (in a disparate treatment case, "[a]lso irrelevant is the question, asked in part (iv) of the *McDonnell Douglas* test, whether [plaintiff] was replaced by a nonminority person").

If a prima facie case is present, a presumption of discrimination arises and the

> burden then shifts to the employer to produce a legitimate, nondiscriminatory reason for [the adverse employment action]. This causes the presumption of discrimination to dissipate. The plaintiff then bears the ultimate burden of persuading the trier of fact by a preponderance of the evidence that the employer intentionally discriminated against [her] because of [her] protected status.

> To carry this burden, the plaintiff must produce substantial evidence indicating that the proffered legitimate nondiscriminatory reason is a pretext for discrimination. The plaintiff must rebut each nondiscriminatory reason articulated by the employer. A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or "unworthy of credence." An explanation is false or unworthy of credence if it is not the real reason for the adverse employment action.

*Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir.2003) (citing *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000)) (additional citations omitted); *accord Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

■ ARI concedes, for purposes of this motion only, that Smith can establish a prima facie case of discriminatory failure to promote, but argues that Smith cannot show that ARI's proffered legitimate, nondiscriminatory reasons for not promoting her on two occasions in 2002 are a pretext. The undisputed evidence shows that Pokorny would consider promoting current employees to managerial positions only upon recommendation by the general manager of the store with the vacancy. It is undisputed that no general manager, including plaintiff's own general manager, recommended Smith for promotion in either February or May 2002. Therefore, pursuant to his promotion procedures, Pokorny hired from the outside to fill those two vacant managerial positions. Defendant's Exh. 2, Pokorny affidavit, ¶¶ 6–9. It is also undisputed that the two white males hired were qualified for the positions.

Because ARI has carried its burden to produce a legitimate, nondiscriminatory reason for its failure to promote plaintiff, the burden shifts back to plaintiff to show that defendant's explanation was a pretext for discrimination. However, Smith has produced *no evidence* to create a disputed issue of fact that ARI's proffered reason is pretextual. Nor has Smith cited *any evidence* that would tend to show that ARI's explanation is false or unworthy of credence.

Plaintiff's exhibits are not probative of any material fact. In support of her motion for summary judgment (and in opposition to defendant's motion for summary judgment), Smith offers only the conclusory allegation that "there was no logical basis for denying [her] a promotion." Record Doc. No. 23, Plaintiff's Motion for Summary Judgment, at p. 6. To the contrary, the competent summary judgment evidence shows that she was not recommended for the vacancies by any general managers. In the absence of such a recommendation, Pokorny would not consider her for promotion.

■ In her EEOC charge, Smith states that Pokorny gave no reason for promoting two white men instead of her and she speculates that race discrimination must be the reason. Plaintiff's Exh. 1. Plaintiff's speculative, subjective belief that she has been the subject of discrimination, unsupported by any specific factual evidence, cannot be the basis of judicial relief and is insufficient to rebut the employer's evidence of a legitimate, nondiscriminatory reason for its actions. *Vance v. Union Planters Corp.*, 209 F.3d 438, 444 (5th Cir.2000); *Lawrence v. University of Tex.*, 163 F.3d 309, 313 (5th Cir.1999); *Ross v. University of Tex.*, 139 F.3d 521, 526 (5th Cir.1998).

Plaintiff has submitted to the court an EEOC charge of discrimination filed by one other African–American employee of ARI. The EEOC declaration filed by Smith's former co-worker, Henry Carr, states that Carr was employed by ARI as a sales manager and that Pokorny denied him a pay raise because of his race. Plaintiff's Exh. 2.

■ Carr's subjective belief that he was the victim of discrimination, unsupported by any concrete factual evidence, in completely different circumstances than Smith, is insufficient to rebut ARI's evidence of a legitimate, nondiscriminatory reason for its actions concerning Smith. *Vance*, 209 F.3d at 444; *Lawrence*, 163 F.3d at 313; *Ross*, 139 F.3d at 526.

The affidavits of plaintiff's former supervisor, Millard Fluence, and another manager, Diana Thomas, contain inadmissible opinions, conclusory allegations and speculation, and are not probative of any material fact in the instant case. Smith's attendance, dependability, honesty, qualifications

and ability to perform certain functions of a store manager are not material to the question of pretext, as defendant concedes for the purposes of its motion for summary judgment that plaintiff was qualified. Plaintiff's Exhs. 3, 4. Again, Fluence's and Thomas's mere subjective beliefs that they had suffered race discrimination at ARI are insufficient to establish that Pokorny's reasons for not promoting Smith were pretextual.

Time and time again, the Fifth Circuit has held that this kind of "evidence" is insufficient to defeat summary judgment. *See Hathcock v. Acme Truck Lines, Inc.,* 262 F.3d 522 526–27 (5th Cir.2001) ("otherwise unsupported, conclusional testimony [cannot] create a factual dispute sufficient to defeat a motion for summary judgment"); *Marshall ex rel. Marshall v. East Carroll Parish Hosp. Serv. Dist.,* 134 F.3d 319, 324 (5th Cir.1998) (When affidavit contained no description or identification of other persons similarly situated to plaintiff and provided no details of allegedly different treatment, "[i]t goes without saying that such conclusory, unsupported assertions are insufficient to defeat a motion for summary judgment."); *Clark v. America's Favorite Chicken Co.,* 110 F.3d 295, 299 (5th Cir.1997) (" '[C]onclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment.' ") (quoting *Duffy v. Leading Edge Prods.,* 44 F.3d 308, 312 (5th Cir.1995)); *Richardson v. Oldham,* 12 F.3d 1373, 1378–79 (5th Cir.1994) (affidavits containing conclusions, conjecture not based on personal knowledge and insufficient factual specificity are not competent summary judgment evidence).

Accordingly, because Smith has failed to establish any material fact issue that defendant's proffered explanation for not promoting her was a pretext, ARI is entitled to summary judgment in its favor as a matter of law on plaintiff's failure to promote claims under Title VII and Section 1981.

### G. *Plaintiff Fails to Proffer Any Evidence of a Constructive Discharge*

Smith claims that ARI created a working environment so hostile to her that she was constructively discharged. ARI argues that plaintiff cannot establish a prima facie case of discriminatory termination because she resigned voluntarily and, therefore, suffered no adverse employment action.

A resignation can be an adverse employment action "only if the resignation qualifies as a constructive discharge." *Brown v. Kinney Shoe Corp.,* 237 F.3d 556, 566 (5th Cir.2001). "[T]he proper inquiry in a constructive discharge case is whether an objectively reasonable person would have been compelled to resign, and *not* whether the plaintiff had, in fact, felt compelled to resign." *McCann v. Litton Sys., Inc.,* 986 F.2d 946, 951 (5th Cir.1993) (emphasis added) (citing *Jett v. Dallas Indep. Sch. Dist.,* 798 F.2d 748 (5th Cir.1986), *aff'd in part & remanded in part on other grounds,* 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989)). Furthermore, a claim for "constructive discharge cannot be based upon the employee's subjective preference for one position over another." *Jett,* 798 F.2d at 755–56.

In determining whether a reasonable employee would feel compelled to resign, we have considered the relevancy of the following events:

(1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a younger supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement [or continued employment

on terms less favorable than the employee's former status].

*Brown*, 237 F.3d at 566 (quotation and citations omitted).

 Smith has not provided any evidence raising a genuine issue of material fact that a reasonable person in her position would have felt compelled to resign. As the Fifth Circuit held in *Jett*, Smith's subjective preference to be a manager rather than customer service representative cannot be the basis for her constructive discharge claim. *Jett*, 798 F.2d at 755–56.

 Plaintiff alleges that Pokorny's harassment created an intolerable working environment that forced her to resign. An objectively reasonable person would not feel compelled to resign after being subjected to the so-called "harassment" about which Smith complains. Plaintiff testified that Pokorny would "nag" her about doing "work-related things" a certain way and about achieving her sales goal. As an example, Smith stated that he ordered her to use a new filing system, in response to which she thought, "why should I change it now?" She further testified that Pokorny informed her that her refusal to alter the filing system promptly was a reason she was not given a raise. Defendant's Exh. 1, pp. 85, 95.

Pokorny gave Smith explicit, direct goals to accomplish and work-related instructions to follow, which she did not do. An objectively reasonable person would expect one's supervisor to criticize what he perceived as his employee's poor performance or insubordination. *See Aikens v. Banana Republic, Inc.*, 877 F.Supp. 1031, 1039 (S.D.Tex.1995) ("[T]he mere fact that [plaintiff] experienced 'pressure' or was 'nitpicked' does not establish such intolerable working conditions as to give rise to a constructive discharge."); *Bristow v. Daily Press, Inc.*, 770 F.2d 1251, 1255 (4th Cir. 1985) (Employees are not "guaranteed a working environment free of stress."). Although she apparently did not receive a raise, Smith did *not* experience any of the types of employment actions identified by the Fifth Circuit in *Brown* that might lead a reasonable employee to resign.

In sum, there is no evidence that Smith was constructively discharged. Thus, she suffered no adverse employment action and has failed to established a prima facie case of discriminatory termination. Accordingly, ARI is entitled to summary judgment in its favor as a matter of law on Smith's constructive discharge claims.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that plaintiff's motion for summary judgment is DENIED. IT IS FURTHER ORDERED that defendant's motion for summary judgment is GRANTED and that plaintiff's complaint is DISMISSED WITH PREJUDICE. Judgment will be entered accordingly.

## *JUDGMENT*

Considering the written orders of the court and acting pursuant to 28 U.S.C. § 636(c), **IT IS ORDERED, ADJUDGED AND DECREED** that there be judgment in favor of defendant, Aaron's Rents, Inc. (erroneously identified in the original complaint as Aarons, Inc.), and against plaintiff, Angela Smith, dismissing plaintiff's complaint with prejudice, plaintiff to bear all costs.