MEMORANDUM OPINION



No. 04-07-00635-CV



Garry David GALLARDO,


Appellant



v.



Joe D. TACKITT, Sheriff of Wilson County, Texas; Wilson County, Texas; 


and Unknown Indemnifying Bond Companies for the Sheriff and Wilson County, Texas,


Appellees



From the 218th Judicial District Court, Wilson County, Texas


Trial Court No. 06-05-0208-CVW


Honorable Stella H. Saxon, Judge Presiding



Opinion by: Alma L. López, Chief Justice


Sitting: Alma L. López, Chief Justice

 Phylis J. Speedlin, Justice

 Steven C. Hilbig, Justice


Delivered and Filed: April 2, 2008


AFFIRMED

 Garry David Gallardo appeals the trial court's order granting a plea to the jurisdiction and
dismissing the underlying cause. Because the issues in this appeal involve the application of
well-settled principles of law, we affirm the trial court's judgment in this memorandum opinion.

 Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and thus is
properly asserted in a plea to the jurisdiction. Texas Dept. of Parks & Wildlife v. Miranda, 133
S.W.3d 217, 225- 226 (Tex. 2004). The trial court must determine at its earliest opportunity whether
it has the constitutional or statutory authority to decide the case before allowing the litigation to
proceed. Id. at 226. Because the trial court was required to consider its subject matter jurisdiction
to make any rulings in the underlying cause at its earliest opportunity, the trial court properly
considered the appellees' plea to the jurisdiction despite the pendency of appellant's pre-trial
motions, and appellant's first issue is overruled.

 Whether a court has subject matter jurisdiction is a question of law that we review de novo. 
Id. In Texas, sovereign immunity deprives a trial court of subject matter jurisdiction for lawsuits in
which certain governmental units have been sued unless the state consents to suit. Id. at 224; see
also Harris County v. Sykes, 136 S.W.3d 635, 638 (Tex. 2004) (noting governmental immunity
operates like sovereign immunity and affords similar protection to subdivisions of the state 
including counties); County of Cameron v. Brown, 80 S.W.3d 549, 554 (Tex. 2002) (noting
subdivisions, such as counties, generally enjoy sovereign immunity from tort liability unless
immunity has been waived). Although the Texas Tort Claims Act provides a limited waiver of
sovereign immunity, sovereign immunity is not waived for claims arising out of false imprisonment
or any other intentional tort. Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) (Vernon 2005);
Texas Dept. of Public Safety v. Petta, 44 S.W.3d 575, 580 (Tex. 2001); City of San Antonio v.
Hernandez, 53 S.W.3d 404, 409 (Tex. App.--San Antonio 2001, pet. denied). In this case,
appellant's pleadings assert a claim for false imprisonment which appellant acknowledges in his
brief. Although appellant contends that the exception to the waiver contained in section 101.057(2)
is limited to intentional torts by school authorities, appellant misconstrues the statute. Section
101.057(2) provides that the waiver of immunity does not apply to a claim "arising out of assault,
battery, false imprisonment, or any other intentional tort, including a tort involving disciplinary
action by school authorities." Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) (Vernon 2005)
(emphasis added). Although an intentional tort involving disciplinary action by school authorities
is one type of intentional tort included in the exception, the exception applies to claims of false
imprisonment against law enforcement officers employed by a governmental unit. See Petta, 44
S.W.3d at 580; Hernandez, 53 S.W.3d at 409. Moreover, as a public official sued in his official
capacity, Sheriff Joe Tackitt is protected by the same sovereign immunity enjoyed by Wilson County
as a governmental unit. See Salazar v. Lopez, 88 S.W.3d 351, 353 (Tex. App.--San Antonio 2002,
no pet).

 The trial court's order is affirmed.

 Alma L. López, Chief Justice