ACCEPTED
01-15-00350-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/3/2015 2:27:01 PM
CHRISTOPHER PRINE
CLERK

## ORAL ARGUMENT REQUESTED

## NO. 01-15-00350-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/3/2015 2:27:01 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE COURT OF APPEALS
## FOR THE FIRST DISTRICT OF TEXAS
## AT HOUSTON, TEXAS

**SHAN KOVALY,**
**Appellant,**

**v.**

**TULSIDAS KURUVANKA, M.D., ET AL. AND**
**IKEDINOBI U. ENI, M.D., ET AL.,**
**Appellees.**

**On Appeal from the 113th District Court**
**Harris, County, Texas, Cause No. 2014-66001**
**(Hon. Michael Landrum)**

## BRIEF OF APPELLEES IKEDINOBI U. ENI, M.D., IKEDINOBI U. ENI, M.D., P.A., AND ENI HEALTH CARE

Respectfully submitted,

**COOPER & SCULLY, P.C.**

**DIANA L. FAUST**
diana.faust@cooperscully.com
Texas Bar No. 00793717
**KYLE M. BURKE**
kyle.burke@cooperscully.com
Texas Bar No. 24073089

900 Jackson, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile: (214) 712-9540

**SPROTT NEWSOM QUATTLEBAUM, MESSENGER**

**JOEL RANDAL SPROTT**
sprott@sprottnewsom.com
Texas Bar No. 18971580

221 Norfolk, Suite 1150
Houston, Texas 77098
Telephone: (713) 523-8338
Facsimile: (713) 523-9422

**ATTORNEYS FOR APPELLEES**

NO. 01-15-00350-CV

---

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS
AT HOUSTON, TEXAS

---

SHAN KOVALY,
Appellant,

v.

TULSIDAS KURUVANKA, M.D., ET AL. AND
IKEDINOBI U. ENI, M.D., ET AL.,
Appellees.

---

On Appeal from the 113th District Court
Harris, County, Texas, Cause No. 2014-66001
(Hon. Michael Landrum)

---

IDENTITY OF PARTIES AND COUNSEL

---

In accordance with rule 38.1(a) of the Texas Rules of Appellate Procedure, the following is a list of names and addresses of the parties to the trial court's judgment and their counsel:

**Appellant:**                     Shan Kovaly

**Trial Counsel**
**For Appellant:**                 Steven R. Davis
                                   Davis & Davis
                                   440 Louisiana, Suite 1850
                                   Houston, Texas 77002

i

**Appellate Counsel**
**for Appellant:**

Ian Simpson
Simpson, P.C.
1333 Heights Boulevard
Houston, Texas 77008

Steven R. Davis
Davis & Davis
440 Louisiana, Suite 1850
Houston, Texas 77002

**Appellees:**

Ikedinobi U. Eni, M.D., Ikedinobi U. Eni, M.D., P.A., and Eni Health Care

**Trial Counsel**
**for Appellees:**

Joel Randal Sprott
Erin E. Lunceford
Sprott Newsom Quattlebaum
Messenger
2211 Norfolk, Suite 1150
Houston, Texas 77098

**Appellate Counsel**
**for Appellees:**

Diana L. Faust
Kyle M. Burke
Cooper & Scully, P.C.
900 Jackson Street, Suite 100
Dallas, Texas 75202

Joel Randal Sprott
Sprott Newsom Quattlebaum
Messenger
2211 Norfolk, Suite 1150
Houston, Texas 77098

**Appellees:**

Tulsidas S. Kuruvanka, M.D., and
Northwest Houston Cardiology, P.A.

ii

**Trial and Appellate**
**Counsel for Appellees:**
James B. Edwards
Stacy T. Garcia
Edwards & Associates
12603 Southwest Freeway, Suite 200
Stafford, Texas 77477

NO. 01-15-00350-CV

---

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS
AT HOUSTON, TEXAS

---

SHAN KOVALY,
Appellant,

v.

TULSIDAS KURUVANKA, M.D., ET AL. AND
IKEDINOBI U. ENI, M.D., ET AL.,
Appellees.

---

On Appeal from the 113th District Court
Harris, County, Texas, Cause No. 2014-66001
(Hon. Michael Landrum)

---

STATEMENT REGARDING ORAL ARGUMENT

---

Appellees Ikedinobi U. Eni, M.D., Ikedinobi U. Eni, M.D., P.A., and Eni Health Care respectfully request oral argument in this case and believe it will help the Court in evaluating the case and resolving the appeal. TEX. R. APP. P. 39.1, 39.7.

# TABLE OF CONTENTS

**Page**

IDENTITY OF PARTIES AND COUNSEL ........................................................ i

STATEMENT REGARDING ORAL ARGUMENT ........................................... iv

TABLE OF CONTENTS ................................................................................. v

TABLE OF AUTHORITIES ........................................................................ vii

RESPONSIVE ISSUES PRESENTED ........................................................ xiii

STATEMENT OF FACTS ............................................................................ 1

    A.    Appellant's Allegations ............................................................ 1

    B.    Theories of Liability ................................................................. 3

    C.    Appellees File Motions for Summary Judgment ..................... 4

    D.    Proceedings After Trial Court Granted Appellees' Motions for Summary Judgment ................................................................. 5

SUMMARY OF THE ARGUMENT ............................................................. 6

ARGUMENT AND AUTHORITIES .......................................................... 8

I.    Trial Court Correctly Granted Appellees' Motion for Summary Judgment Because the Statute of Limitations Bars Appellant's Claims ........ 8

    A.    Standard of Review .................................................................. 8

    B.    Appellant's Claims Are Barred by the Statute of Limitations in Section 74.251(a) ................................................................. 9

    C.    Appellant Not Entitled To Toll Limitations in Absence of Proper Pre-suit Notice with Medical Authorization ............... 11

        1.    Medical Authorization Must Accompany Pre-suit Notice To Trigger Tolling Period ............................................... 11

       2.     Appellant's Case Law Does Not Provide Support...................17

   D.    Appellant's Procedural Tactics Undermine Legislative Intent...........23

CONCLUSION AND PRAYER........................................................................28

CERTIFICATE OF COMPLIANCE ................................................................31

CERTIFICATE OF SERVICE.........................................................................32

APPENDIX TO BRIEF OF APPELLEES IKEDINOBI U. ENI, M.D.,
IKEDINOBI U. ENI, M.D., P.A., AND ENI HEALTH CARE.............................33

**Case** **Page(s)**

*Brannan* v. *Toland*,
No. 01–13–00051–CV,  2013 WL 4004472
(Tex. App.—Houston [1st Dist.] Aug. 6, 2013, pet. denied) (mem.op.) ......12, 20

*City of San Antonio v. Hernandez*,
 53 S.W.3d 404 (Tex. App.—San Antonio 2001, pet. denied).........................8, 9

*College Station Medical Center v. Kilaspa*,
No. 10-14-00374-CV, 2015 WL 4504361
(Tex. App.—Waco Jul. 23, 2015, pet. filed)..............................................26, 27

*De Checa v. Diagnostic Center Hosp., Inc.,*
967 F.2d 126 (5th Cir. 1992)......................................................................... 18

*De Checa v. Diagnostic Center Hosp., Inc.*,
852 S.W.2d 935 (Tex. 1993) ...............................................................17, 20, 21

*EXLP Leasing, LLC v. Galveston Cent. Appraisal Dist.*,
No. 14-14-00268-CV, 2015 WL 5025534
(Tex. App.—Houston [14th Dist.] Aug. 25, 2015, pet. filed) .......................... 21

*Helena Chem. Co. v. Wilkins*,
47 S.W.3d 486 (Tex. 2001) ....................................................................12, 15

*In re Collins*,
286 S.W.3d 911 (Tex. 2009) ......................................................................... 23

*Jose Carreras, M.D., P.A. v. Marroquin*,
339 S.W.3d 68 (Tex. 2011)......................................... 12-17, 19, 20, 22, 23, 25

*Kimbrell v. Molinet*,
288 S.W.3d 464 (Tex. App.—San Antonio 2008), *aff'd,*
356 S.W.3d 407 (Tex. 2011) ......................................................................... 10

*Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*,
289 S.W.3d 844 (Tex. 2009) ........................................................................... 8

*Mitchell v. Methodist Hosp.*,
376 S.W.3d 833 (Tex. App.—Houston [1st Dist.] 2012, pet. denied)....13, 20, 26

*Nolan v. Hughes*,
349 S.W.3d 209 (Tex. App.—Dallas 2011, no pet.) ............................................. 9

*Parrish v. Brooks*,
856 S.W.2d 522 (Tex. App.—Texarkana 1993, no writ) ................................ 21

*Rabatin v. Vazquez*,
281 S.W.3d 563 (Tex. App.—El Paso 2008, no pet.) ....................................... 22

*Safeco Lloyds Ins. Co. v. Allstate Ins. Co.*,
308 S.W.3d 49 (Tex. App.—San Antonio 2009, no pet.) ................................... 8

*Sewell v. Adams*,
854 S.W.2d 257 (Tex. App.—Houston [14th Dist.] 1993, no writ) .................. 22

*Shah v. Moss*,
67 S.W.3d 836 (Tex. 2001) .....................................................................8, 10

*Tex. Dept. of Transp. v. City of Sunset Valley*,
146 S.W.3d 637 (Tex. 2004) ........................................................................ 21

*Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*,
253 S.W.3d 184 (Tex. 2007) .......................................................................... 8

*Thompson v. Community Health Inv.*,
923 S.W.2d 569 (Tex. 1996) ......................................................................... 21

*Zweig v. S. Texas Cardiothoracic & Vascular Surgical Associates, PLLC*,
373 S.W.3d 605 (Tex. App.—San Antonio 2012, no pet.) .............................. 10

## Statutes                                                                Page(s)

TEX. CIV. PRAC. & REM. CODE § 74.051(a) ..............................................11, 16, 19

TEX. CIV. PRAC. & REM. CODE § 74.051(c) ......................................................... 13

TEX. CIV. PRAC. & REM. CODE § 74.052 ........................................................... 23

TEX. CIV. PRAC. & REM. CODE § 74.052(a) ....................................................12, 25

TEX. CIV. PRAC. & REM. CODE § 74.052(c) ....................................................12, 13

TEX. CIV. PRAC. & REM. CODE § 74.251(a) ...................................... 8, 9, 10, 17, 24

TEX. GOV'T CODE § 311.016(3) .......................................................................... 15

**Rules**                                                                    **Page(s)**

TEX. R. APP. P. 39.1 ........................................................................................ iv

TEX. R. APP. P. 39.7 ........................................................................................ iv

**Other Authorities**                                                        **Page(s)**

Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09,
  2003 Tex. Gen. Laws 847 ...................................................................16, 19

Medical Liability and Insurance Improvement Act, 65th Leg., R. S., ch. 817,
  § 4.01, 1977 Tex. Gen. Laws 2039............................................................16, 19

ix

## NO. 01-15-00350-CV

## IN THE COURT OF APPEALS
## FOR THE FIRST DISTRICT OF TEXAS
## AT HOUSTON, TEXAS

**SHAN KOVALY,**
**Appellant,**

**v.**

**TULSIDAS KURUVANKA, M.D., ET AL. AND**
**IKEDINOBI U. ENI, M.D., ET AL.,**
**Appellees.**

**On Appeal from the 113th District Court**
**Harris, County, Texas, Cause No. 2014-66001**
**(Hon. Michael Landrum)**

## BRIEF OF APPELLEES IKEDINOBI U. ENI, M.D., IKEDINOBI U. ENI, M.D., P.A., AND ENI HEALTH CARE

**TO THE HONORABLE JUSTICES OF THE FIRST COURT OF APPEALS:**

Appellees Ikedinobi U. Eni, M.D. ("Dr. Eni"), Ikedinobi U. Eni, M.D., P.A. (the "P.A."), and Eni Health Care ("EHC") (collectively "Appellees") submit this Brief of Appellees, in accordance with rules 9.4 and 38 of the Texas Rules of Appellate Procedure and all local rules of this Court. For the reasons set forth below, Appellees urge this Court to affirm the trial court's March 20, 2015 Final Summary Judgment, awarding summary judgment in favor of Appellees and against Appellant, and dismissing Appellant's causes of action.

x

## STATEMENT OF THE CASE

On November 11, 2014, Shan Kovaly ("Mr. Kovaly" or "Appellant") filed this health care liability claim against Appellees and Defendants Tulsidas S. Kuruvanka, M.D. ("Dr. Kuruvanka"), and Northwest Houston Cardiology, P.A. ("Northwest"), alleging that Appellees were negligent in their care and treatment of Appellant on or about August 28, 2012 through September 4, 2012. (CR 5-6).[1] Appellant asserted negligence and gross negligence claims against Appellees. (CR 6-7).

On February 20, 2015, Appellees filed their Traditional Motion for Summary Judgment (CR 21-34), followed by Dr. Kuruvanka and Northwest on February 25, 2015 (CR 35-58), on the grounds that Appellant's claims are barred by the statute of limitations. (CR 22-23). Appellant filed a response to the motions (CR 68-94), Appellees filed their reply to Appellant's response to their motion on March 17, 2015 (CR 95), and following a hearing on the motions, the district court signed a Final Summary Judgment in favor of Appellees, dismissing Appellant's causes of action on March 20, 2015. (CR 103). On March 25, 2015, Appellant filed his Motion for New Trial, in which he argued that the Appellees failed to carry their summary judgment burden and the trial court's order was erroneous due to controlling Texas Supreme Court precedent. (CR 104-05).

---

[1] Appellees will refer to the Clerk's Record as (CR [page #]), and the Appendix as (Apx. [Tab #]).

Appellant appealed the trial court's Final Summary Judgment on April 13, 2015. (CR 108-109).

## RESPONSIVE ISSUES PRESENTED

1.    The trial court correctly granted Appellees' motion for summary judgment based on the statute of limitations for health care liability claims. This issue necessarily includes the following sub-issues:

    a.    Health care liability claims are governed by the two-year statute of limitations period in section 74.251(a) of the Texas Civil Practice and Remedies Code. Appellant's claims are barred by the statute of limitations where it is undisputed that the treatment at issue occurred from August 28, 2012 to September 4, 2012 but Appellant did not file suit until November 11, 2014;

    b.    A health care liability claimant who fails to provide proper pre-suit notice of a claim, accompanied by the statutorily-mandated authorization for release of protected health information, is not entitled to the seventy-five day tolling period for limitations as provided in section 74.051 of the Texas Civil Practice and Remedies Code. Appellant failed to provide Appellees (or any of the other defendants in this suit) with proper pre-suit notice accompanied by the authorization for release of protected health information. Therefore Appellant did not toll limitations, rendering his suit untimely.

## STATEMENT OF FACTS

### A.  Appellant's Allegations

Appellant alleges that, on or about August 28, 2012, he presented to Houston Northwest Medical Center with complaints of chest pain. (CR 5). Based on his presentation, abnormal cardiac biomarker values and lack of ST elevations on his ECG, it was felt that he was having an NSTEMI[2] and he was taken to the cardiac catheterization lab. (*Id.*). Coronary angiography revealed stenosis of the proximal left anterior descending coronary artery (LAD). (*Id.*). Appellant then underwent angioplasty and stenting of the LAD with two stents by Dr. Kuruvanka. (*Id.*). There were no complications reported with the procedure. (*Id.*). Following the cardiac catheterization, Appellant had a transthoracic echocardiogram (TTE) performed on the afternoon of August 28, 2012, which demonstrated normal left ventricular function. (*Id.*). Appellant was discharged from Houston Northwest Medical Center by Dr. Eni on August 30, 2012 with prescriptions for Lopressor 25 mg twice a day, Pravachol 20 mg at bedtime, aspirin 325 mg daily, Plavix 75 mg daily and Lisinopril 10 mg twice a day. (*Id.*). Appellant alleged that neither the prescribing physician, Dr. Kuruvanka, nor the discharging physician, Dr. Eni, reviewed the prescription to ensure the quantity of pills to dispense was included in the prescription before releasing Appellant. (*Id.*).

---

[2]  NSTEMI presumably stands for a Non-ST-elevation myocardial infarction, i.e., a type of heart attack.

The next morning, Appellant went to a Houston Wal-Mart to fill the prescription. (CR 5). The pharmacist and pharmacy manager at the Wal-Mart Pharmacy refused to fill the prescriptions because of the lack of quantity noted on the prescriptions. (*Id.*). Both Appellant and the pharmacy personnel tried to reach Dr. Eni and Dr. Kuruvanka over a period of the next four days, during which time, Appellant was without his medications which were medically necessary to keep his newly placed stent from clotting. (*Id.*).

On September 4, 2012, Appellant was readmitted to Houston Northwest Medical Center with chest pain and ECG changes consistent with an anterior wall STEMI. (CR 6). The medical records indicate that Appellant had not been taking aspirin or Plavix. (*Id.*). By his report, he was not able to fill the prescriptions because the number of pills to be dispensed was not included in the prescriptions. (*Id.*). Appellant was taken emergently to the cardiac catheterization laboratory where he was found to have in-stent thrombosis (clotting) of his stents. (*Id.*). The clot was removed by thrombectomy and the LAD underwent repeat angioplasty. (*Id.*). Blood work during this hospitalization revealed that the peak value for the cardiac biomarker, troponin, was >80, which is above the limit of detection of the assay. (*Id.*). Appellant was discharged from this admission on September 10, 2012. (*Id.*).

On September 19, 2012, Appellant was admitted to Lyndon B. Johnson Hospital with new neurologic symptoms and shortness of breath. (CR 6). A CT scan of the head revealed the presence of an acute/subacute stroke in the right posterior cerebral artery distribution. (*Id.*). A review of a TTE reported in a consultation note on September 21, 2012 indicated that there was thrombus present in the apex of the heart. (*Id.*). It was the opinion of the neurology service that the stroke came from a cardio-embolic source. (*Id.*).

## B. Theories of Liability

On November 11, 2014, Appellant filed his original petition asserting health care liability claims against the Appellees and others. (CR 3-4).[3] Appellant alleged Dr. Eni and Dr. Kuruvanka breached the applicable standards of care required for the treatment of Appellant, by failing to write a valid prescription from the medically necessary drugs, by failing to recognize the purpose and significance of those medications for cardiac care and that a pharmacist would not fill an invalid prescription, failing to recognize the significance and potential harm to a patient who fails to receive medications from an invalid prescription, by failing to contact the pharmacy or Appellant to correct the invalid prescriptions, and by

---

[3] Appellees object to Appellant's statement that "On November 11, 2014—273 days after leaving Dr. Eni's and Dr. Kuruvanka's care—Kovaly filed the instant suit." (Br. at 3). This statement is misleading and not supported by the record. The treatment at issue here occurred on or about August 30, 2012 to September 4, 2012. (CR 5-6, 24). Appellant did not file suit against Appellees until November 11, 2014—**at least 798 days (2 years and 68 days) after the treatment at issue**. (CR 3).

failing to make sure the prescriptions written and given to a cardiac patient are valid and can be filled by a pharmacy. (CR 7). Appellant alleged such breaches were a proximate cause of Appellant's injuries, and that such conduct by Appellees was also gross negligence, that Appellees acted willfully and maliciously against Appellant, and that, as such, Appellant is entitled to punitive or exemplary damages. (*Id.*).

### C.    Appellees File Motions for Summary Judgment

On February 20, 2015, Appellees filed their Traditional Motion for Summary Judgment (CR 21-34), followed by Dr. Kuruvanka and Northwest (CR 35-59), on the grounds that Appellant's claims are barred by the statute of limitations within section 74.251(a) of the Texas Civil Practice and Remedies Code and because Appellant did not provide the proper notice and authorization required by the statute, the statute of limitations was not tolled. (CR 22-27). Appellees asserted that Appellant was required to file his suit on or before September 4, 2014, but that Appellant filed his Original Petition on November 11, 2014, well past the two-year limitations period, thus, the applicable statute of limitations in this case barred Appellant's suit. (*Id.*).

On March 12, 2015, Appellant responded to Appellees' motions for summary judgment, asserting that pre-suit notice and authorization sent on July 23, 2013 to Wal-Mart Stores Texas, LLC in a prior suit was effective to toll the limitations period for seventy-five days as to Wal-Mart and all other potential

parties, including Appellees. (CR 68-80). Appellant thus claimed that after tolling, the limitations period ended November 13, 2014, making his November 11, 2013 suit timely. (CR 77-78).

Appellees replied on March 17, 2015, generally arguing that Appellant never provided a notice or a medical authorization to Appellees in the present case and instead, relied on the notice and authorization provided to Wal-Mart in the Wal-Mart federal case, which authorization did not provide the Appellees in this case with authority to obtain protected health information pursuant to section 74.052(c)(A) of the Texas Civil Practice and Remedies Code. (CR 96). As such, the authorization did not comply with the statutory requirements and, accordingly, Appellant's "notice" did not serve to toll the limitations period as to Appellees in the present case. (*Id.*).

On March 20, 2015, following a hearing on Appellees' motions for summary judgment, the trial court entered a Final Summary Judgment, granting Appellees' and Dr. Kuruvanka's and Northwest's motions for summary judgment. (CR 103; Apx. Tab A).

### D. Proceedings After Trial Court Granted Appellees' Motions for Summary Judgment

On March 25, 2015, Appellant filed his Motion for New Trial, stating that the court's summary judgment orders were erroneous as a matter of law in that the Appellees failed to carry their summary judgment burden, and the trial court's

order is erroneous due to controlling Texas Supreme Court precedent. (CR 105).

On April 13, 2015, Appellant filed his Notice of Appeal (CR 108-09), and this

appeal ensued.

## SUMMARY OF THE ARGUMENT

Appellant's suit is barred by the statute of limitations. Thus, the trial court

did not err when it granted Appellees' motion for summary judgment based on

limitations, and this Court should affirm the trial court's judgment.

Appellant's suit involves a health care liability claim governed by the two-

year statute of limitations in Chapter 74. The undisputed summary judgment

evidence submitted by Appellees proved that Appellant filed suit more than two

years after the dates treatment occurred and his cause of action accrued. Thus,

Appellant's suit is barred by the statute of limitations, and the trial court correctly

granted summary judgment in favor of Appellees.

Despite Appellant's contentions to the contrary, he is not entitled to toll the

limitations period. While Chapter 74 provides that a claimant may toll the

limitations period for seventy-five days, this provision may only be invoked when

the claimant provides the statutorily-required sixty-day pre-suit notice,

accompanied by the authorization for release of medical records described in the

statute. The Texas Supreme Court has made it clear that pre-suit notice is

ineffective to toll limitations when the claimant fails to contemporaneously provide

the defendant with the medical authorization necessary to procure medical records, investigate the claim, and engage in pre-suit negotiations.

Here, Appellant failed to provide Appellees with pre-suit notice and medical authorizations in this suit. Thus, Appellant is not entitled to toll the limitations period. Appellant claims that the notice and authorization he provided to another defendant in a prior suit are good to toll limitations as to Appellees. But Appellees and the other defendants here were not parties to that prior, separate suit, a suit that was resolved by summary judgment prior to Appellant's filing of this suit. The law is not that any notice or authorization in that prior suit is effective to toll limitations in the current suit against Appellees, who were deprived of pre-suit notice, the authorizations necessary to procure medical records, and the ability to investigate Appellant's claims and engage in pre-suit negotiations. Appellant's position wholly undermines the Legislature's intent in creating the pre-suit notice and medical authorization requirements. Further, an abatement remedy is not available where Appellant missed the deadline for filing suit without providing the proper pre-suit notice and medical authorization.

Appellant filed suit more than two years after his cause of action accrued and Appellant is not entitled to toll limitations. Therefore, the trial court correctly granted Appellees' motion for summary judgment. This Court should affirm the trial court's judgment.

## ARGUMENT AND AUTHORITIES

I. **Trial Court Correctly Granted Appellees' Motion for Summary Judgment Because the Statute of Limitations Bars Appellant's Claims**

Appellant's suit is barred by the two-year statute of limitations governing health care liability claims. *See* Tex. Civ. Prac. & Rem. Code § 74.251(a). Appellant's cause of action accrued no later than September 4, 2012. He did not file suit until November 11, 2014, and his suit is untimely. Thus, the trial court did not err in granting Appellees' motion for summary judgment based on the statute of limitations, and this Court should affirm the trial court's judgment.

### A. **Standard of Review**

An appellate court reviews the grant or denial of a motion for summary judgment de novo. *Safeco Lloyds Ins. Co. v. Allstate Ins. Co.*, 308 S.W.3d 49, 52 (Tex. App.—San Antonio 2009, no pet.) (citing *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 847 (Tex. 2009); *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007)). In a traditional motion for summary judgment, the movant has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.*

When a defendant moves for summary judgment on an affirmative defense, such as the statute of limitations, the defendant must conclusively prove each element of that defense. *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001); *City of*

*San Antonio v. Hernandez*, 53 S.W.3d 404, 407 (Tex. App.—San Antonio 2001, pet. denied). If a movant establishes that the statute of limitations bars the action, the non-movant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *Nolan v. Hughes*, 349 S.W.3d 209, 212 (Tex. App.—Dallas 2011, no pet.). Evidence favorable to the non-movant is taken as true, and every reasonable inference in favor of the non-movant will be resolved in its favor. *City of San Antonio*, 53 S.W.3d at 407.

**B.** **Appellant's Claims Are Barred by the Statute of Limitations in Section 74.251(a)**

Appellant's claims are barred by the two-year statute of limitations in Chapter 74. There is no dispute that Appellant's claims are for health care liability. (*See* CR 4). Chapter 74 imposes a two-year statute of limitations for health care liability claims:

> (a) Notwithstanding any other law and subject to Subsection (b), no health care liability claim may be commenced unless the action is filed within two years from the occurrence of the breach or tort or from the date the medical or health care treatment that is the subject of the claim or the hospitalization for which the claim is made is completed; provided that, minors under the age of 12 years shall have until their 14th birthday in which to file, or have filed on their behalf, the claim. Except as herein provided this section applies to all persons regardless of minority or other legal disability.

TEX. CIV. PRAC. & REM. CODE § 74.251(a). The "notwithstanding any other law" language of section 74.251(a) imposes an absolute two-year limitations period on

health care liability claims. *Kimbrell v. Molinet*, 288 S.W.3d 464, 468 (Tex. App.—San Antonio 2008), *aff'd*, 356 S.W.3d 407 (Tex. 2011).

Here, Appellees submitted summary judgment evidence conclusively establishing that Appellant's claims are barred by the two-year statute of limitations in section 74.251(a). (*See* CR 21-33). The alleged breaches of the standards of care took place between August 30, 2012, (the date Appellant was discharged from Houston Northwest Medical Center with allegedly deficient prescriptions) and September 4, 2012 (the date Appellant was readmitted to the hospital). (CR 5-6). Thus, Appellant's cause of action accrued no later than September 4, 2012. (CR 24, 39).[4] Under section 74.251(a), Appellant was required to file suit by September 4, 2014. It is undisputed that Appellant did not file his suit against Appellees until November 11, 2014. (CR 3). Thus, under section 74.251(a), Appellant's claims are barred in the absence of a pertinent tolling provision. *See* TEX. CIV. PRAC. & REM. CODE § 74.251(a). This Court should affirm the trial court's judgment that Appellant take nothing against Appellees.

---

[4] A plaintiff may not choose for accrual the most favorable date that falls within section 74.251(a)'s three categories. *Zweig v. S. Texas Cardiothoracic & Vascular Surgical Associates, PLLC*, 373 S.W.3d 605, 610 (Tex. App.—San Antonio 2012, no pet.) (citing *Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001)). Rather, if the date the alleged tort occurred is ascertainable, limitations must begin on that date. *Id*. Here, the date of accrual is likely August 30, 2012 (the date of discharge); this date arguably meets all three of section 74.251(a)'s criteria. (*See* Br. at 6). But it is immaterial whether limitations began running on August 30, 2012 or September 4, 2012, or some date in between because Appellant filed suit after more than two years after September 4, 2012. (CR 3).

**C.** **Appellant Not Entitled To Toll Limitations in Absence of Proper Pre-suit Notice with Medical Authorization**

While Appellant contends that limitations were tolled based on pre-suit notice, this assertion is untenable. Appellant did not comply with Chapter 74's pre-suit notice requirements—most importantly the requirement of providing the medical authorizations for release of health information—and therefore may not avail himself of the tolling provision.

**1.** *Medical Authorization Must Accompany Pre-suit Notice To Trigger Tolling Period*

Section 74.051 of the Civil Practice and Remedies Code provides that:

(a) Any person or his authorized agent asserting a health care liability claim **shall give written notice of such claim** by certified mail, return receipt requested, **to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit** in any court of this state based upon a health care liability claim. The notice **must be accompanied by the authorization form for release of protected health information** as required under Section 74.052.

TEX. CIV. PRAC. & REM. CODE § 74.051(a) (emphasis added). In addition, section 74.052 provides:

(a) Notice of a health care claim under Section 74.051 **must be accompanied by a medical authorization in the form specified by this section.** Failure to provide this authorization along with the notice of health care claim shall abate all further proceedings against the physician or health care provider receiving the notice until 60 days following receipt by the physician or health care provider of the required authorization.

*Id.* § 74.052(a) (emphasis added).[5] Section 74.052(c) states that the required medical authorization form "shall be in the following form," and it proceeds to give the text of the form, with several blanks to be filled in with information specific to the claimant's claim. *Id.* § 74.052(c).

The notice and authorization form are intended to afford the defendant the ability to investigate the claim and resolve it *prior to* protracted litigation. *See id.* § 74.052; *Brannan v. Toland*, No. 01–13–00051–CV, 2013 WL 4004472, at \*2 (Tex. App.—Houston [1st Dist.] Aug. 6, 2013, pet. denied) (mem.op.). The authorization form grants the defendant physician or health care provider authorization to disclose the plaintiff's medical records. *Id.* The form must also identify the plaintiff's treating physicians for the five years before "the incident made the basis of the accompanying Notice of Health Care Claim," and authorize the defendants to obtain the plaintiff's medical records from these physicians. TEX. CIV. PRAC. & REM. CODE § 74.052(c).

The notice and medical authorization form encourage pre-suit investigation, negotiation, and settlement of health care liability claims. *See Jose Carreras, M.D., P.A. v. Marroquin*, 339 S.W.3d 68, 73 (Tex. 2011). ("The Legislature intended that 'by requiring a potential claimant to authorize the disclosure of

---

[5] "Must accompany" is a directive that creates a mandatory condition precedent. *Jose Carreras, M.D., P.A. v. Marroquin*, 339 S.W.3d 68, 73 (Tex. 2011) (citing *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 494 (Tex. 2001)).

otherwise privileged information sixty days before suit is filed, the statute [would] provide[ ] an opportunity for health care providers to investigate claims and possibly settle those with merit at an early stage.'"). Indeed, the statutorily approved medical authorization form explicitly states that it is intended to facilitate "investigation and evaluation of the health care claim described in the accompanying Notice of Health Care Claim" or "[d]efense of any litigation arising out of the claim made the basis of the accompanying Notice of Health Care Claim." *Mitchell v. Methodist Hosp.*, 376 S.W.3d 833, 836-37 (Tex. App.— Houston [1st Dist.] 2012, pet. denied) (quoting TEX. CIV. PRAC. & REM. CODE § 74.052(c)).

The statute provides that if the claimant gives notice in compliance with Chapter 74, the limitations period is tolled for seventy-five days:

> (c) Notice given **as provided in this chapter** shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties

TEX. CIV. PRAC. & REM. CODE § 74.051(c) (emphasis added). The Texas Supreme Court and myriad intermediate courts have recognized that strict compliance with the notice and authorization provisions is required.

In *Carreras*, 339 S.W.3d at 73, the Marroquins prosecuted claims for damages resulting from their daughter's wrongful death after treatment by various health care providers. On December 17, 2003, two days before the two-year

statute of limitations would have expired, the Marroquins provided Dr. Carreras with notice of their health care liability claims. *Id.* at 70. However, the Marroquins did not send an authorization form to Dr. Carreras at that time. On February 26, 2004, the Marroquins filed suit. *Id.* Dr. Carreras filed a plea in abatement and answer objecting to the case proceeding because he had not received the statutorily required authorization and requesting an abatement under section 74.052. *Id.* The trial court granted Dr. Carreras's plea in abatement on June 2, 2004. *Id.*

Two weeks later, the Marroquins provided Dr. Carreras with another notice including a list of medical providers and an authorization form that complied with the federal Health Insurance Portability and Accountability Act of 1996 (HIPAA), but not with the state requirements under Chapter 74. *Id.* The Marroquins later provided Dr. Carreras with an authorization form on September 10, 2004 that complied with sections 74.051 and 74.052, approximately nine months after the Marroquins provided their original notice unaccompanied by an authorization and almost seven months after they filed suit. *Id.*

Dr. Carreras moved for summary judgment, claiming that the Marroquins' claims were barred by the applicable statute of limitations. *Id.* The Marroquins argued that notice was provided and the suit was filed within the statute of limitations as tolled by Chapter 74. *Id.* The trial court held that the requirement for

notice and an authorization form under sections 74.051 and 74.052 were separate, and because notice had been given, the statute of limitations was tolled, notwithstanding the Marroquins' failure to simultaneously provide the statutorily required authorization. *Id.* The trial court therefore denied Dr. Carreras's motion for summary judgment, and the court of appeals affirmed. *Id.* at 71.

After detailing the statutory provisions in sections 74.051 and 74.052, the supreme court analyzed the issue of whether limitations could be tolled when the authorization did not accompany the notice. The court held that the language of the statute demanded that the authorization accompany the notice in order to be effective:

> The text of section 74.051(c), which states that notice must be "given as provided," does not provide a facial definition of notice. Both sections 74.051(a) and 74.052(a) specify that the notice "must be accompanied by" an authorization form, and section 74.052(a) provides for abatement if an authorization form is not provided "along with" notice. *Id.* §§ 74.051(a), .052(a). "Must accompany" is a directive that creates a mandatory condition precedent. *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 494 (Tex.2001) (holding that the legislated requirement that a person "must" perform an act creates a condition precedent (citing TEX. GOV'T CODE § 311.016(3))). ***If the authorization does not accompany the notice, then the benefit of the notice—tolling—may not be utilized.***

*Id.* at 72 (emphasis added).

The supreme court then discussed that the legislative history of sections 74.051 and 74.052 supported this interpretation. The Legislature originally introduced the notice requirement provision in section 74.051 as part of the

Medical Liability and Insurance Improvement Act (MLIIA) in 1977. Medical Liability and Insurance Improvement Act, 65th Leg., R. S., ch. 817, § 4.01, 1977 Tex. Gen. Laws 2039, 2047–48 (hereinafter "article 4590i"), *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884. The original language of the statute provided, as it does now, that any person asserting a health care liability claim must give written notice to the health care provider at least sixty days before filing suit. *Id.* However, it did not include the last sentence in the successor provision, section 74.051(a). At that time, written notice of a claim would trigger tolling. The notice requirement remained unchanged until 2003.

In House Bill 4 in 2003, the MLIIA was codified in Chapter 74 of the Civil Practice and Remedies Code, and the Legislature added specific language to section 74.051(a) requiring that notice of a health care liability claim "must be accompanied" by the medical authorization form. TEX. CIV. PRAC. & REM. CODE § 74.051(a). "Although notice and a medical authorization are treated separately for some purposes, *after the 2003 amendment to the text, both are required to constitute notice "as provided" by Chapter 74*." *Carreras*, 339 S.W.3d at 72-73 (emphasis added).

Accordingly, for the statute of limitations to be tolled in a health care liability claim pursuant to Chapter 74, a plaintiff must provide both the statutorily required notice and the statutorily required authorization form. *Id.* at 74.

Here, Appellant did not provide Appellees with the notice and medical authorization necessary to toll limitations. (CR 96-98). On July 13, 2013, Appellant sent Wal-Mart a purported Notice of Claim and an accompanying authorization in the prior suit. (CR 55-58). Appellees did not receive a notice of claim letter or an authorization form. While Appellant relies on notice provided to Wal-Mart, the authorization form provided to Wal-Mart, only granted *Wal-Mart* the authority to obtain and disclose protected health information. As the authorization did not provide Appellees or co-defendants in this suit with the authority to obtain protected health information pursuant to section 74.052, the notice did not comply with the statutory requirements. *See Carreras*, 339 S.W.3d at 73-74. Consequently, Appellant's "notice" did not toll the limitations period. Therefore, Appellant's suit against Appellees filed on November 11, 2014—at least two years and sixty-eight days after the cause of action accrued—was untimely. *Carreras*, 339 S.W.3d at 73-74; TEX. CIV. PRAC. & REM. CODE § 74.251(a).

### 2. *Appellant's Case Law Does Not Provide Support*

Appellant relies primarily on *De Checa v. Diagnostic Center Hospital, Inc.*, 852 S.W.2d 935 (Tex. 1993) for the proposition that notice given to one party will

toll limitations as to every other party and potential parties. But *De Checa* did not answer the question posed here: whether a plaintiff may toll limitations despite that no notice was given to any defendant in the present suit and despite a failure to provide the statutorily required authorization form for release of health information.

In *De Checa*, the plaintiffs served pre-suit notice of their claim on certain health care providers who were sued in the same case but not involved in the appeal within two years of accrual. *Id.* at 937; *De Checa v. Diagnostic Center Hosp., Inc.,* 967 F.2d 126, 126 (5th Cir. 1992). They also served pre-suit notice on Drs. Burbridge, Burnazian, and Davis within two years and seventy-five days. *Id.* The plaintiffs urged that the notice of the claim they sent to the other defendants within two years of the claim's accrual and more than sixty days before filing their lawsuit also tolled the statute of limitations for the physicians for seventy-five days. *Id.* The physicians asserted that the plaintiffs could not take advantage of the tolling period, that when a health care provider is served with notice of a claim, the tolling period is triggered for the recipient only, and thus, the failure to notify them individually within the statutorily-prescribed period meant that the suit against them was barred two years after the completion of the medical treatment. *Id.* The court concluded that the "potential parties" language in section 4.01(c) of former article 4590i meant that notice to any health care provider under subsection

(a) tolled the limitations period for seventy-five days as to all parties against whom a health care liability claim is timely asserted. *Id.* at 937-38.

Not only did *De Checa* involve interpretation of former article 4590i, but proper notice had been provided to other defendants named in the same suit as Drs. Burbridge, Burnazian, and Davis. Art. 4590i provided, as it does now, that any person asserting a health care liability claim must give written notice to the health care provider at least sixty days before filing suit. Medical Liability and Insurance Improvement Act, 65th Leg., R. S., ch. 817, § 4.01, 1977 Tex. Gen. Laws 2039, 2047–48, *repealed by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884. However, it did not include the last sentence in the successor provision, section 74.051(a):

> "*The notice must be accompanied by the authorization form for release of protected health information as required under Section 74.052.*"

TEX. CIV. PRAC. & REM. CODE § 74.051(a) (emphasis supplied).

Further, since *De Checa*, the supreme court in *Carreras* made clear the importance and necessity of the statutory authorization form as part of giving proper notice in section 74.051. Simply put, proper notice does not occur in the absence of the statutory authorization form in section 74.052. *Carreras*, 339 S.W.3d at 72-74. When a defendant physician or health care provider is not provided the statutorily mandated authorization, the claimant fails to comply with

Chapter 74's notice requirements and limitations is not tolled. *Carreras*, 339 S.W.3d at 72-74; *Brannan v. Toland*, No. 01–13–00051–CV, 2013 WL 4004472, at *2 (Tex.App.—Houston [1st Dist.] Aug. 6, 2013, pet. denied) (mem.op.) (where purported authorization form did not identify specific records from other medical providers and did not give permission to the defendants to seek the disclosure of other records, but merely authorized a defendant to disclose his medical records to the plaintiffs' attorney, but not to obtain any records from other physicians, court held that plaintiff failed to comply with statute and was not entitled to toll limitations); *Mitchell v. Methodist Hosp.*, 376 S.W.3d 833, 837 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (HIPAA form provided by plaintiff did not specifically identify defendant hospital as an entity authorized to obtain protected health information and did not identify plaintiff's treating physicians for the five years before the incident, and therefore was inadequate to trigger tolling of limitations period); *Nicholson v. Shinn*, No. 01–07–00973–CV, 2009 WL 3152111, at *4-*5 (Tex. App.-Houston [1st Dist.] Oct. 1, 2009, no pet.) (mem. op.) (notice is not proper, and the statute of limitations is not tolled when notice is provided without an authorization form or with a deficient authorization form).

*De Checa* is also distinguishable because there, the defendants were served pre-suit notice. *De Checa*, 852 S.W.2d at 937. That is not the case here. Not one of the defendants in this suit was served notice or a statutory medical authorization

prior to Appellant filing the present suit. Appellant, relying on *De Checa*, claims that notice to the defendants in this suit was unnecessary because notice had been sent to the defendant Wal-Mart in the prior case against that company, a suit to which Appellees were not parties. (CR 71).[6] But this argument carries little weight. Not only did Appellant's failure to provide the notice and authorization deny Appellees the opportunity to investigate the claim pre-suit, but it also failed to meet the standard established by the supreme court requiring statutory notice be provided to each health care provider sued. *De Checa*, 852 S.W.2d at 938-39.

Further, the other cases relied upon by Appellant were decided before the 2003 legislative changes that mandated use of the statutory authorization form and before *Carreras* which directed that failure to provide that form with notice precludes tolling of the limitations period. *See Thompson v. Community Health Inv.*, 923 S.W.2d 569 (Tex. 1996); *Parrish v. Brooks*, 856 S.W.2d 522 (Tex.

---

[6] Research has not revealed any decisions holding that "parties and potential parties" as used in section 74.051(c) would include parties and potential parties to a subsequent state-court suit filed after summary judgment had been granted in the prior suit filed against the party who actually received the statutory notice.

Indeed, reading section 74.051(a) together with section 74.051(c), as the Court must in interpreting the statute, *EXLP Leasing, LLC v. Galveston Cent. Appraisal Dist.*, No. 14-14-00268-CV, 2015 WL 5025534, at *4 (Tex. App.—Houston [14th Dist.] Aug. 25, 2015, pet. filed) (citing *Tex. Dept. of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex. 2004)), notice is required before filing "suit" (section 74.051(a)), and if properly given, then tolling applies to all "parties and potential parties" (section 74.051(c)). Interpreting this plain language supports Appellees' interpretation: tolling applies to the "parties and potential parties" of the contemplated suit for which notice is provided. Here, notice to Wal-Mart in Appellant's first suit would not toll limitations for parties and potential parties, like Appellees, named in a separate, subsequent suit.

App.—Texarkana 1993, no writ); *Sewell v. Adams*, 854 S.W.2d 257 (Tex. App.—Houston [14th Dist.] 1993, no writ).  A post-2003 case cited by Appellant, *Rabatin v. Vazquez*, 281 S.W.3d 563 (Tex. App.—El Paso 2008, no pet.), is equally inapplicable.  There, the plaintiffs sent a notice letter and a faulty authorization form to one defendant in October and, to all the other defendants in December.  *Id.* at 564.  One defendant's counsel however, was able to obtain records using the faulty authorization form.  *Id.* at 565.  The El Paso Court of Appeals found that the authorization forms were sufficient to toll limitations because the notice letter and the improperly filled out authorization still gave the defendants fair warning of the claim and satisfied the purpose of the statute.  *Id.* at 562.  Regardless, *Rabatin* was decided before *Carreras* and thus its value is questionable at best.[7]

It simply cannot be the law that a plaintiff—having suffered an adverse summary judgment in a prior suit to which certain physicians are not parties—can subsequently file suit against those physicians after the statute of limitations has run despite that those physicians received neither pre-suit notice nor medical authorizations.

---

[7]     The *Rabatin* cases—a trio of cases with the identical limitations/notice/tolling issues—were a basis for the supreme court's jurisdiction in *Carreras*.  *Carreras*, 339 S.W.3d at 71.  And the supreme court ultimately rejected the *Rabatin* court's holdings.  *See id.* at 71-74.

## D.  Appellant's Procedural Tactics Undermine Legislative Intent

The notice and authorization provisions give the defendant time and the ability to procure the plaintiff's records in order to assess whether the claim has merit and whether the defendant should consider early, pre-suit resolution. *See* TEX. CIV. PRAC. & REM. CODE § 74.052; *Carreras*, 339 at 73 ("The Legislature intended that 'by requiring a potential claimant to authorize the disclosure of otherwise privileged information sixty days before suit is filed, the statute [would] provide[ ] an opportunity for health care providers to investigate claims and possibly settle those with merit at an early stage.'") (quoting *In re Collins*, 286 S.W.3d 911, 916-17 (Tex. 2009)).[8]  As the supreme court explained:

> [A]llowing the advantages of tolling the statute of limitations without provision of an authorization form would undermine the Legislature's intention to provide a method for quick, efficient settlement of claims and to identify non-meritorious claims early. **If an authorization form is not provided pre-suit, the pre-suit negotiation period triggered by the notice requirement would become meaningless**, as doctors receiving notice without an authorization form could not procure medical records from other physicians or institutions to investigate the claims asserted against them. The statute of limitations is tolled only if both notice and an authorization form are provided.

*Carreras*, 339 S.W.3d at 73.

Here, while Appellant relies on the pre-suit notice and authorization given to Wal-Mart in a prior suit, any such pre-suit negotiation period was rendered

---

[8]  Further, by requiring the disclosure of relevant health care information, both verbal and written, section 74.052 furthers "full, efficient, and cost effective discovery." *Collins*, 286 S.W.3d at 916-17.

---

meaningless by Appellant's subsequent failure to provide authorizations to Appellees. Appellees did not receive any notice or a medical authorization until after the suit was filed. As such, Appellees were not given fair warning of the claim. Further, no Appellee in this suit was afforded the opportunity to obtain Appellant's medical records prior to suit, thus the legislative purpose of the statute was not met.

Appellant suggests that predictable limitations periods should outweigh the goal of pre-suit negotiations and efficient settlement of claims. (Br. at 12-14). But the *De Checa* court's discussion of predictable limitations periods has little weight here because *none of the current defendants* received notice or authorizations. The fact that different defendants might have slightly different limitations deadlines is no reason to ignore the notice and authorization requirements. And here, Wal-Mart's limitations period likely would have differed from Appellees' regardless because Appellant visited Wal-Mart's pharmacy the day after he was discharged from Houston Northwest Medical Center. (*See* CR 5). And the Legislature understood that different limitations periods may apply to one suit, depending on the care rendered. *See* TEX. CIV. PRAC. & REM. CODE § 74.251(a). Calculating the correct limitations period for each defendant in this suit is not some labyrinthine task that militates against the requirement of notice and authorization for the

Appellees to obtain the medical records necessary to evaluate the claims and engage in pre-suit negotiations.

Appellant also argues that, in the absence of a timely medical authorization which deprives the defendant the opportunity to evaluate the case before suit, abatement is the proper remedy. But once the limitations deadline has passed, the remedy of a sixty-day abatement is no longer available.

The *Carreras* plaintiffs similarly argued that that service of an authorization form is unnecessary to toll the statute of limitations because a separate remedy—abatement—is provided for failure to accompany notice with an authorization form. *Carreras*, 339 S.W.3d at 73. The *Carreras* court could have held that the plaintiffs' failure to provide the authorization form simply meant that the defendants were entitled to a sixty-day abatement. After all, the plaintiffs had sent notice prior to the limitations deadline. *Carreras*, 339 S.W.3d at 70. But the supreme court rejected this argument for several reasons:

> If the authorization form was not considered a part of the notice requirement, an absurd result would be possible under Chapter 74. Section 74.052(a) provides that "[f]ailure to provide [the] authorization along with the notice of health care claim shall abate all further proceedings . . . until 60 days following receipt by the physician or health care provider of the required authorization." TEX. CIV. PRAC. & REM. CODE § 74.052(a). This language does not set a deadline by which plaintiffs must abide. Instead, the abatement could continue at the plaintiff's leisure until sixty days after the plaintiff chooses to provide the defendant with an authorization. It is not reasonable to interpret a statute which is meant to provide speedy resolution of meritorious health care liability claims and quick

dismissal of nonmeritorious claims to allow a lengthy or indefinite delay of the resolution of a health care liability claim.

*** 

[T]he abatement has a use in situations in which the tolling provision is not at issue. **If notice is provided without an authorization well within the statute of limitations, and the case could be filed sixty days later and still fall within the limitations period, the defendant's statutory remedy is to halt proceedings until an authorization form is received.** The abatement remedy fulfills that purpose

*Id.* at 73-74 (emphasis added).

Here, as in *Carreras*, the abatement provision has no application because Appellant's suit could not be abated and still filed within the limitations period. The breach that Appellant complains of occurred between the dates of August 30, 2012 to September 4, 2012. (CR 5-6). Thus, according to the statute, the limitations period began at the latest on September 4, 2012 and expired no later than September 4, 2014. Appellant did not file suit until November 11, 2014. Thus, the remedy of abatement is not available. *See also Mitchell v. Methodist Hosp.*, 376 S.W.3d 833, 839 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (abatement provision had no application because the plaintiffs' suit could not have been abated and still filed within the limitations period).

Appellant then relies on *College Station Medical Center v. Kilaspa*, No. 10-14-00374-CV, 2015 WL 4504361 (Tex. App.—Waco Jul. 23, 2015, pet. filed) to support that the preference for pre-suit negotiation must somehow be subverted to

other vague considerations. But in *Kilaspa* the plaintiffs actually sent the notice and authorization in accordance with section 74.051, *i.e.* by certified mail, return receipt requested, prior to the expiration of the limitations period. *Id.* at *4-*5. The crux of the court's decision was that the plaintiff should not be required to ensure that the notice and authorization are correctly delivered and that the defendant claim the mail, where the plaintiff sent the documents in accordance with the statute. *Id.*[9] Here, there is no assertion or evidence that Appellant sent the notice and authorizations to Appellees in the manner required by the statute, or that such documents were incorrectly delivered or went unclaimed. Appellant did not even *attempt* to give Appellees the notice or authorization required prior to filing suit. Appellant's failure to do so should not deprive Appellees of the Legislature-mandated pre-suit notice and attendant investigation and negotiation period.

Appellant's cause of action accrued no later than September 4, 2012. In the absence of a tolling provision, the limitations period expired September 4, 2014. Appellant failed to give the statutorily-mandated notice with medical authorizations to the defendants in this suit. Accordingly, Appellant was not entitled to toll the limitations period. Appellant did not file suit against Appellees until November 11, 2014, at least two years and sixty-eight days after the cause of action accrued. Thus, Appellant's claims are barred by limitations.

---

[9]     A petition for review was filed in *Kilaspa* on October 8, 2015.

## CONCLUSION AND PRAYER

Appellees conclusively proved that Appellant filed suit more than two years after his cause of action accrued. Thus, Appellant's suit is barred by the statute of limitations. The trial court did not err when it granted Appellees' motion for summary judgment based on limitations, and this Court should affirm the trial court's judgment.

Appellant is not entitled to toll the limitations period where he failed to provide Appellees with pre-suit notice and medical authorizations in this suit. Pre-suit notice is ineffective to toll limitations when the claimant fails to contemporaneously provide the defendant with the medical authorization necessary to procure medical records, investigate the claim, and engage in pre-suit negotiations.

Appellant's position that notice to Wal-Mart in a prior suit wholly undermines the Legislature's intent in creating the pre-suit notice and medical authorization requirements. When pre-suit notice and medical authorizations are not provided, as here, defendants are deprived of the opportunity to obtain medical records necessary to investigate and evaluate the claim and attempt pre-suit settlement negotiations, thereby thwarting the statutory purposes of reducing litigation costs and encouraging settlement. Further, an abatement remedy is not available where Appellant missed the deadline for filing suit without providing the proper pre-suit notice and medical authorization.

Appellant filed suit more than two years after his cause of action accrued and Appellant is not entitled to toll limitations. Therefore, the trial court correctly granted Appellees' motion for summary judgment. This Court should affirm the trial court's judgment.

**THEREFORE**, Appellees Ikedinobi U. Eni, M.D., Ikedinobi U. Eni, M.D., P.A., and Eni Health Care respectfully pray this Court affirm the March 20, 2015 Final Summary Judgment granting Defendants' Traditional Motion for Summary Judgment, and grant such other and further relief, whether general or special, at law and in equity, as this Court deems just.

Respectfully submitted,

**COOPER & SCULLY, P.C.**


By: ___/s/Diana L. Faust_____
     **DIANA L. FAUST**
     diana.faust@cooperscully.com
     Texas Bar No. 00793717
     **KYLE M. BURKE**
     kyle.burke@cooperscully.com
     Texas Bar No. 24073089

900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 712-9500
Facsimile: (214) 712-9540

**SPROTT NEWSOM QUATTLEBAUM
MESSENGER**
**JOEL RANDAL SPROTT**
sprott@sprottnewsom.com
Texas Bar No. 18971580

2211 Norfolk, Suite 1150
Houston, Texas 77098
Telephone: (713) 523-8338
Facsimile: (713) 523-9422

**ATTORNEYS FOR APPELLEES
IKEDINOBI U. ENI, M.D.,
IKEDINOBI U. ENI, M.D., P.A.,
AND ENI HEALTH CARE**

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief of Appellees was prepared using Microsoft Word 2010, which indicated that the total word count (exclusive of those items listed in rule 9.4(i)(1) of the Texas Rules of Appellate Procedure, as amended) is 7,041 words.

/s/ Diana L. Faust
**DIANA L. FAUST**

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of this Brief of Appellees upon on all counsel of record, via efile, on this the 3rd day of December, 2015, at the following address:

Mr. Iain Simpson                                              **VIA EFILE**
iain@simpsonpc.com
Simpson, P.C.
1333 Heights Boulevard, Suite 102
Houston, Texas 77008
**Lead Counsel for Appellant**

Mr. Steven R. Davis                                          **VIA EFILE**
sdavis@davis-davislaw.com
Mr. John A. Davis, Jr.
jdavis@davis-davislaw.com
Davis & Davis
440 Louisiana, Suite 1850
Houston, Texas 77002
**Co-Counsel for Appellant**

Mr. James Edwards                                            **VIA EFILE**
jbe@malpracticedefense.com
Mr. Donald Stephens
dss@malpracticedefense.com
Edwards & Stephens
12603 Southwest Freeway, Suite 200
Stafford, Texas 77477
**Counsel for Appellees**
**Tulsidas S. Kuruvanka, M.D., and**
**Northwest Houston Cardiology, P.A.**


/s/Diana L. Faust
**DIANA L. FAUST**

NO. 01-15-00350-CV

---

## IN THE COURT OF APPEALS
## FOR THE FIRST DISTRICT OF TEXAS
## AT HOUSTON, TEXAS

---

**SHAN KOVALY,**
Appellant,

**v.**

**TULSIDAS KURUVANKA, M.D., ET AL. AND
IKEDINOBI U. ENI, M.D., ET AL.,**
Appellees.

---

**On Appeal from the 113th District Court
Harris, County, Texas, Cause No. 2014-66001
(Hon. Michael Landrum)**

---

## APPENDIX TO BRIEF OF APPELLEES IKEDINOBI U. ENI, M.D.,
## IKEDINOBI U. ENI, M.D., P.A., AND ENI HEALTH CARE

---

In compliance with rule 38 of the Texas Rules of Appellate Procedure, Appellees Ikedinobi U. Eni, M.D., Ikedinobi U. Eni, M.D., P.A., and Eni Health Care submit this Appendix to their Brief of Appellees containing the following items:

Tab A: Final Summary Judgment (CR 103)

D/931547v2

---

# APPENDIX TAB "A"

No 2014-66001

SHAN KOVALY §
 §
Plaintiff §
 §
vs §
 §
 §
IKEDINOBI U ENI, M D , §
IKEDINOBI U ENI, P A , §
ENI HEALTH CARE §
TULSIDAS S KURUVANKA and §
NORTHWEST HOUSTON §
CARDIOLOGY, P A §
 §
Defendants §

FILED
Chris Daniel
District Clerk
MAR 20 2015
Time _____
By _____
Harris County, Texas
Deputy

IN THE DISTRICT COURT

OF HARRIS COUNTY, TEXAS

113TH JUDICIAL DISTRICT

## FINAL SUMMARY JUDGMENT

Defendants Ikedinobi U Eni, MD, Ikedinobi U Eni, MD, PA and Eni Health Care Traditional Motion for Summary Judgment, filed February 20, 2015, and Traditional Motion for Summary Judgment of Defendants Tulsidas S Kuruvanka, M D and Northwest Houston Cardiology, P A , filed February 26, 2015, were heard The parties appeared The Court considered all timely-filed papers germane to the motion, applicable authority and the argument presented in court

Summary judgment is awarded in favor of all Defendants and against Plaintiff All of the Plaintiff's causes of action are dismissed

Costs are taxed against the Plaintiff

This is a final judgment that disposes of all claims and it is appealable

Signed March 20, 2015

Michael Landrum, Judge

103